ANDREW STAUNING v. GREAT NORTHERN RAILWAY COMPANY.[1]

February 6, 1903.

Nos. 13,263—(224).

**Personal Injury.**

Certain assignments of error presented on appeal in a personal injury action considered and disposed of.

**Charge to Jury—Railway.**

*Held,* on the undisputed facts, that the plaintiff was entitled, as a matter of law, to a charge to the jury that, if he was injured at all, it

[1] Reported in 93 N. W. 518.

was while he was exposed, as one of defendant's employees, to hazards peculiar to the operation of a railroad.

## Verdict not Excessive.

There was testimony which justified the jury in finding that the plaintiff's right arm was totally, or so near totally, paralyzed, as to be absolutely useless, and that this condition would remain. *Held* that, although the verdict was very large, it cannot be interfered with by this court on the ground that it is so excessive as to be accounted for only on the ground of passion and prejudice on the part of the jury.

## Contributory Negligence.

On the facts, and as a matter of law, the plaintiff cannot be held to have been guilty of contributory negligence which would prevent a recovery.

Action in the district court for Polk county to recover $10,000 for personal injuries. The case was tried before Watts, J., and a jury, which rendered a verdict in favor of plaintiff for $5,000. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed. .

*C. Wellington*, for appellant.

*H. Steenerson* and *Charles Loring*, for respondent.

COLLINS, J.

A personal injury case in which the plaintiff recovered a verdict of $5,000. When the accident occurred he was employed by defendant company as an "engine wiper." Among his duties was that of cleaning cinders out of the front extension of locomotives as they came into the yard where he was employed. The particular locomotive to be cleaned was first run over what is called a "cinder pit," which is an excavation beneath the rails, about three and a half feet deep, and walled up, into which the cinders are dropped, and from thence removed. The rails are laid upon posts and beams over the pit. From the front extension of the locomotive an iron spout runs down towards the ground, and the cinders are expelled through it. There are hand-holes on each side of the extension, through which the wiper, using an iron poker, can push the cinders down through the spout. If, however, they become clogged, the poker may be pushed up from the lower

end of the spout, and in this way the clogged cinders may be dislodged, so that they will run freely down into the cinder pit. The plaintiff was injured while trying to insert the poker into the spout to remove lodged cinders, about eight o'clock at night. The manner of the injury, and the immediate as well as the remote consequences, are very unusual, to say the least, but there was evidence upon these particular points tending to uphold the verdict. There was also testimony which tended to establish plaintiff's claim that while he was at this work, and when in a dangerous but customary position, the "hostler" in charge moved the engine without ringing the bell or giving any other notice. This is the negligence complained of.

1. The first assignment of error goes to the admission of certain testimony. The following excerpt from the record discloses the foundation for this assignment, the plaintiff having been called in rebuttal.

Question to the witness: "It has been testified here by the hostler, Franklin, that he had never seen the cinders cleaned out the way you have described. You may state whether or not that was the usual way there. (Objected to as not rebuttal; that it is incompetent, irrelevant, and immaterial. He can state what he did. Objection overruled.) Answer. It was the usual way."

Counsel for the defendant contend that this ruling was error.

In behalf of the defendant, Franklin, the hostler in question, had testified, as stated in the question, that he had never seen cinders cleaned from a locomotive in the way in which plaintiff had previously testified he was doing the work when he was injured. The purpose of this testimony was to show that the plaintiff was not doing the work in the customary way, but, instead, had adopted a new, unusual, and dangerous method. It was clearly proper for the plaintiff to testify that his method was the usual way, and it was strictly in rebuttal of Franklin's testimony. If competent as rebuttal, it was relevant, as well as material, on the question of plaintiff's alleged contributory negligence. See Flanders v. Chicago, St. P., M, & O. Ry. Co., 51 Minn. 193, 53 N. W. 544.

2. By their second assignment of error, counsel challenge a certain portion of the charge to the jury which treated of the

doctrine of contributory negligence. This part of the charge was certainly correct, as far as it went; and, if insufficient, it was incumbent upon defendant's counsel to call attention to this fact, and to request further and more complete instructions. Even if counsel desired to have the court charged upon what is called the "any degree" theory of contributory negligence, they should have so requested. This was not done.

3. The third assignment refers to the instruction to the jury as to what are the hazards connected with and peculiar to the operation of railroads. It is insisted that the court erred in failing to submit to the jury the question whether or not the plaintiff was injured while exposed to the hazards peculiar to the operation of a railroad, and also as to what hazards are connected with such operation; the negligence complained of being that of a fellow servant, concededly. It appears from the record that the court did really submit the question to the jury, when in fact the plaintiff was entitled, as a matter of law, to a charge that, if he was injured at all, it was while exposed to hazards peculiar to the operation of a railroad. Nichols v. Chicago, M. & St. P. Ry. Co., 60 Minn. 319, 62 N. W. 386; Mikkelson v. Truesdale, 63 Minn. 137, 65 N. W. 260. The charge on this point was more favorable to defendant than it was entitled to, and therefore it has no ground for complaint. Even if this were not true, counsel made no attempt to have the charge elaborated on this point so that the matter now mentioned might be brought to the attention of the jury.

4. The fourth assignment of error is that the damages awarded are grossly excessive, and can only be accounted for upon the ground of passion or prejudice on the part of the jury. The plaintiff's right arm was injured, as before suggested, in a somewhat remarkable manner, according to his version of the accident, and perhaps in a way which ordinarily would not cause serious results. But a young physician testified in plaintiff's behalf as to the character and extent of the injury, and the gist of his testimony was that the arm was paralyzed, with very poor prospects for an improvement in the future. "Possibly, after years," said the witness, "part motion may be regained." He testified that the arm

was useless to the plaintiff, except as an ornament; that it was "totally paralyzed, or as near total paralysis as to be useless absolutely"; and that, in his judgment, it would remain so. The plaintiff himself testified to practically the same present condition of the arm. This testimony was not opposed or controverted in any manner; and, although the plaintiff had been treated after the injury by a physician employed by defendant company, no attempt was made to show that the testimony was not true in every respect. We must assume that it was. We regard the amount recovered as very large, but the verdict has been approved by the trial court, and we are not inclined to interfere.

5. The only remaining assignment of error of which we need to take cognizance is the contention that, as a matter of law, the plaintiff was guilty of contributory negligence. The plaintiff put himself in a dangerous position when he placed himself in front of the locomotive trucks and undertook to thrust the poker up into the spout, but there was testimony tending to show that this was the usual and customary way of cleaning out cinders when they are congested in the spout so that they cannot be expelled by means of a poker pushed into the spout from or through the hand-holes. If the jurors were justified in believing the plaintiff's testimony as to custom, he simply attempted to perform his duty in the usual way. He further testified that he had been instructed by the foreman to do this work in this particular way. This testimony, at least, made the question of plaintiff's contributory negligence one for the jury to pass upon.

Order affirmed.