## CITY OF LAWTON v. HILLS.

No. 5972.   Opinion Filed March 14, 1916.

(156 Pac. 297.)

1. **APPEAL AND ERROR—Pleading—Discretionary Ruling—Motion to Make Certain.** A motion to make more definite and certain is addressed to the sound discretion of the court, and a ruling thereon in the absence of an abuse of such discretion that results prejudicially to the party complaining will not be disturbed.

2. **APPEAL AND ERROR—Certificate to Case-Made—Verity.** Under section 5248, Rev. Laws 1910, the certificate of the trial judge is **prima facie** evidence of the facts therein recited, but is not conclusive, and will be overcome when the case-made affirmatively shows on its face that the certificate is incorrect in some material respect.

3. **APPEAL AND ERROR—Presentation for Review—Evidence—Case-Made.** Where it affirmatively appears that all the evidence upon any question introduced at the trial is not included in the case-made, and a determination thereof requires a consideration of the evidence,, the Supreme Court will not review such question.

4.    **MUNICIPAL CORPORATIONS—Personal Injuries—Defective Sidewalk—Liability—Notice.** The sufficiency of notice to fasten liability upon a city for defective sidewalk is a question of fact to be determined by the jury under all the circumstances of the particular case. It is not necessary that the city have actual notice. If the defective condition had existed for such a period of time that by the exercise of ordinary care and diligence the city authorities could have repaired the defect, and they failed to do so, the city is liable for any injuries occasioned thereby, provided the injured party was in the exercise of ordinary care.

5.    **DAMAGES—Personal Injuries—Excessive Recovery. Held,** under the facts stated in the opinion, that a verdict for $5,000 was not excessive.

(Syllabus by the Court.)

*Error from District Court, Comanche County;*
*J. T. Johnson, Judge.*

Action by J. C. Hills against the City of Lawton, Okla., a municipal corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

*Whalin & Burton,* for plaintiff in error.

*W. C. Stevens* and *C. M. Myers,* for defendant in error.

HARDY, J. This suit was commenced in the district court of Comanche county by the defendant in error against the city of Lawton, plaintiff in error, for damages alleged to have occurred by reason of the defective condition of a sidewalk in that city. Trial resulted in a verdict for plaintiff, and defendant brings the case here. For convenience the parties will be referred to as they appeared in the trial court.

The first error assigned is that the court erred in not sustaining defendant's motion to make the amended petition more definite and certain, and in support of this

assignment it is claimed that the amended petition did not describe any hole in the sidewalk, and that defendant was entitled to know the size of the hole; i. e., how long, how wide, and particularly how deep. The petition alleges that said sidewalk, "because of its flimsy construction, the cheap and faulty material used in its construction, and the great amount of travel thereon, became defective, unsafe, and out of repair; * * * that a large slab of cement became loose and broken on the upper surface of said sidewalk, and a large hole was caused thereby." And after appropriate allegations charging notice of such defective and dangerous condition of said sidewalk the petition further alleged that plaintiff, while in the exercise of due care, was lawfully passing along and over said sidewalk, when he stepped into the hole hereinbefore mentioned with his left foot, in such a manner that his right foot was thrown and caught under the slab of cement which had been broken off the upper surface of said sidewalk, said slab being from 1 to 1½ inches in thickness and from 2 to 3 feet in width, and from 2½ to 3½ feet in length, causing plaintiff to be violently thrown, etc. It is alleged that the hole in the sidewalk was caused by the slab, which had become loose and broken, and the specific dimensions of the slab are alleged as above set out. These allegations were a sufficient description of the place of the alleged injury. The motion to make more definite and certain was addressed to the sound discretion of the court, and a ruling thereon in absence of an abuse of such discretion that results prejudicially to the party complaining will not be disturbed. *Ft. Smith & Western Ry. Co. v. Ketis*, 26 Okla. 696, 110 Pac. 661; *London v. Moorehead*, 34 Okla. 701, 126 Pac. 1027; *City*

of *Chickasha v. Looney*, 36 Okla. 155, 128 Pac. 136; *Frey v. Failes*, 37 Okla. 297, 132 Pac. 342.

It affirmatively appears that the case-made does not contain all the evidence. Certain photographs of the place where the injury is alleged to have occurred, taken shortly thereafter, were introduced in evidence, but are not included in the case-made, and another exhibit offered in evidence has been omitted.

The certificate of the trial judge recites that the case-made contains all the evidence, and while by section 5248 this certificate is made *prima facie* evidence of the facts therein recited, this certificate is not conclusive, and the *prima facie* effect thereof will be overcome where the case-made shows on its face that the certificate is incorrect in some material respect. Neither will a certificate by counsel that all the evidence is contained in the case-made supply the omission. *Worrell et al. v. Fellows*, 39 Okla. 796, 136 Pac. 750. Nor will such certificate by the stenographer who transcribed his shorthand notes supply the omission. *Sawyer Lbr. Co. v. Champlain Lbr. Co.*, 16 Okla. 90, 84 Pac. 1093; *Martin v. Gassett*, 17 Okla. 177, 87 Pac. 586; *Wagner v. Sattley Mfg. Co.*, 23 Okla. 52, 99 Pac. 643; *Finch et al. v. Brown*, 27 Okla. 217, 111 Pac. 391.

When it affirmatively appears that all the evidence upon any question introduced at the trial is not included in the case-made, this court will not review such question, depending entirely upon the facts for its determination. *Sawyer Lbr. Co. v. Champlain Lbr. Co., supra; Martin et al. v. Gassett, supra; Perkins v. Baker*, 41 Okla. 288, 137 Pac. 661; *Weleetka L. & W. Co. v. Castleberry*, 42 Okla. 745, 142 Pac. 1006.

In this state of the record the question as to whether the defendant was negligent in permitting said defective condition of the sidewalk to exist and whether under all the evidence in the case the court committed error in submitting the case to the jury, is not properly presented for our consideration. The photographs of the place were material evidence, and may have influenced the verdict of the jury upon the question of defendant's negligence. In fact, if taken shortly after the alleged injury when the place was in the same condition as when the injury occurred, and if properly proven, these photographs would be a valuable aid to the jury in passing upon this question, and would be necessary for this court to determine whether there was any evidence reasonably tending to support the verdict.

It is claimed that the city did not have notice of the existence of the defective condition of the sidewalk. There was evidence tending to show that the defect had existed for about a year prior to the date of the injury, and that it was located in a sidewalk along a street leading to the Rock Island depot and to Koehler Park and at a point within a block of the high school building, and the sidewalk in question was constantly used by pedestrians. The rule is stated in *Norman v. Teel*, 12 Okla. 69, 69 Pac. 791, as follows:

"The sufficiency of notice to fasten liability upon a city for a defective sidewalk is a question of fact to be determined by a jury under all the circumstances surrounding the particular case. It is not essential that the corporation shall have actual notice. If the defective condition of the street or sidewalk has existed for such a period of time that by the exercise of ordinary care and diligence the city authorities could have repaired the defect and placed the street or sidewalk in a reasonably

safe condition, and it fails to do so, then it is liable for any injuries that may be occasioned thereby by reason of such negligence, provided the injured party was in the exercise of ordinary care." *Cleveland Trinidad Pav. Co. v. Mitchell*, 42 Okla. 49, 140 Pac. 416; *Sallisaw v. Ritter*, 42 Okla. 626, 142 Pac. 391.

The verdict was not excessive. Plaintiff was a man 49 years of age at the time of the injury, a carpenter and stone mason by trade, and was able to earn from $5 to $7 per day of ten hours, and was working every day that he could secure employment. He was able to handle heavy timbers and do other hard work up to the time of the injury, since which time he has been unable, by reason of the injury, to do any manual labor wherein it was necessary to use his left arm. According to the testimony of physicians the articulation of the collar bone is gone, and this condition is shown to be permanent, unless there can be some joining of the ligaments and a wiring or nailing of the bones and putting in some kind of harness. The wrist was also sprained, and the abductor of one of the fingers torn loose. The outer end of the clavicle was dislocated, and when the arm was raised a certain way it would catch. As testified to by Dr. Lewis, one of the physicians:

"That means dislocation of the outer end of the clavicle, and, when you raise the arm the crimean process, where this is attached on the scapula, it has a process that comes up around here and makes a part of the shoulder joint; it is not the main shoulder joint where the head of this bone comes into the shoulder, but when you raise his arm out this way it catches on that bone, and when it slips back he can't raise the arm, but you can see more readily this way that that is loose; there is a ligament in there, the superior ligament on top here that goes over the crimean process over here and one

beneath, and the chances are that is torn through that upper ligament, and this is loose here like a bone that holds it in place, and there is practically no way of holding that in place by any fastening or anything like that."

The jury awarded plaintiff $5,000. The size of the verdict is not sufficient upon the foregoing facts to indicate that the jury were influenced by passion or prejudice in arriving at the amount thereof, nor is the verdict large enough to indicate that the trial of the case has resulted in a miscarriage of justice.

In *Baird v. New York Cent. & H. R. R. Co.*, 64 App. Div. 14, 71 N. Y. Supp. 734, a verdict for $11,000 was held not excessive where plaintiff was a railroad fireman strong and in good health, receiving a salary of from $80 to $90 per month, and was injured in a collision rendering his right arm practically useless, and he was unable to earn anything for a long time after the injury. This opinion was affirmed in 172 N. Y. 637, 65 N. E. 1113.

In *Schultz v. Fairibault Con. Gas & Elec. Co.*, 82 Minn. 100, 84 N. W. 631, a verdict for $7,200 was sustained where plaintiff had received electric shocks caused by the negligent construction of defendant's electric light plant which it was claimed caused paralysis of the left arm.

The injury complained of in *Stauning v. Great Northern Ry. Co.*, 88 Minn. 480, 93 N. W. 518, was paralysis of the right arm, and the court refused to disturb a verdict in plaintiff's favor for $5,000.

In *I. & G. N. Ry. Co. v. Elkins* (Tex. Civ. App.), 54 S. W. 931, plaintiff was hurt in his side, back, right elbow

and shoulder. At the time of his trial, 14 months later, his elbow often hurt him severely. Two physicians testified that his injuries were permanent, and he could not straighten his arm, or draw it up to his shoulder, or use it in any heavy work, and a verdict in plaintiff's favor for $4,600 was permitted to stand.

A verdict of $11,000 for the permanent destruction of the usefulness of an arm, and hand to a brakeman, 34 years old, earning $85 to $90 per month, was upheld in *G. & O. Ry. Co. v. Courtney*, 30 Tex. Civ. App. 544, 71 S. W. 307.

The judgment is affirmed.

All the Justices concur.