## DEHNER et al. v. CURRY et al.

No. 5936—Opinion Filed June 6, 1917.

Rehearing Denied July 10, 1917.

(166 Pac. 81.)

(Syllabus by the Court.)

**1. Appeal and Error—Case-Made—Corrections.**

By section 5248, Rev. Laws 1910, the certificate of the trial judge to a case-made is prima facie evidence of the facts therein re-

CARROLL, BROUGH & ROBINSON V. BOARD OF COMMISSIONERS 165

cited, but where said certificate is proved incorrect by affidavit or other competent evidence introduced in the appellate court in connection with a motion to correct the record or case-made, such certificate may be amended to speak the truth by the Supreme Court.

### 2. Same.

Under the foregoing rule, the certificate of the trial judge to the case-made is hereby corrected to speak the truth in the particulars it is found to be proven incorrect by the referee herein in his report, and, as thus corrected, the motion of defendants in error to dismiss the appeal must be sustained.

Error from Superior Court, Tulsa County; M. A. Breckenridge, Judge.

Action between A. L. Dehner and others against Frank Z. Curry and others. There was a judgment for the latter, and the former bring error. Dismissed.

G. C. Spillers and Buford, Robertson & Hoffman, for plaintiffs in error.

Biddison & Campbell, John D. Wakely, and Scothorn & McRill, for defendants in error.

PER CURIAM. This case was referred to Frank Dale, Esq., as referee, to take the testimony of witnesses and to make findings of fact and conclusions of law on a petition for rehearing filed herein, and also to make findings of fact and conclusions of law on a certain motion to correct the certificate of the trial judge to the case-made.

The cause now comes on to be heard upon the motion of the defendants in error to adopt and confirm the report of the referee, except in certain particulars, pointed out in the motion, and exceptions to the findings and conclusions of the referee filed by the plaintiffs in error.

After carefully examining the proceedings had before the referee, his very full report and the motions and exceptions of counsel for the respective parties, we conclude to approve and adopt the findings of fact of the referee in their entirety, and to approve and adopt his conclusions of law, except as to his recommendation that the case-made be transmitted to the judge who tried the cause for the purpose of correcting the certificate attached thereto. This recommendation is made upon the assumption that the Supreme Court is not authorized to supply omissions or make corrections in the certificate of the trial court. Bettis v. Cargile et al., 23 Okla. 301, 100 Pac. 436, cited by the referee in his report in support of this conclusion so holds, but the statute then in force governing the correction of proceedings in error has since been supplemented by another act of the Legislature (section 5248, Rev. Laws 1910),

which, in our judgment, authorizes the Supreme Court in a proper case to correct the certificate of the trial judge in order to make it speak the truth. This section provides:

"The certificate of the judge who settles and certifies the case-made shall be prima facie evidence of the facts therein recited, unless the case-made on its face shows affirmatively that such certificate is in some material respect incorrect, or the said certificate be proven incorrect by affidavits or other competent evidence introduced in the appellate court in connection with a motion to correct the record or case-made, under such rules and regulations as the court may prescribe."

With the certificate of the trial judge corrected by this court to speak the truth, the record will not show that the defendants in error ever waived their right to suggest amendments to the case-made, or that they consented that the same might be settled by the trial court without notice to them, or that they joined in a request to the trial judge to settle the same. As neither Henry A. Dulinsky, a necessary party to the proceeding in error, nor his counsel were present at the time the case-made was settled and signed, it follows from a long line of decisions that the petition for rehearing must be granted, and the motion to dismiss the appeal be sustained.

All the Justices concur.