### GUYMON ELECTRIC LIGHT & POWER CO. v. SPEARS.

No. 9328—Opinion Filed Oct. 1, 1918.

(175 Pac. 347.)

**Appeal and Error — Dismissal — Service of Case-Made.**

When it neither appears from the record nor aliunde that the case-made was served on the opposite party or his attorney of record, or that such party or his attorney had notice of the time and place of its presentation to the trial judge for signing and settling, the appeal will be dismissed.

(Syllabus by Davis, C.)

Error from County Court, Texas County; R. L. Howsley, Judge.

Action by L. R. Spears against the Guymon Electric Light & Power Company. Judgment for plaintiff, motion for new trial denied, and defendant brings error. On motion to dismiss appeal. Appeal dismissed.

R. L. Cooke and John L. Gilson, for plaintiff in error.

John L. Gleason, for defendant in error.

Opinion by DAVIS, C. This action was begun by the defendant in error hereinafter referred to as plaintiff against the plaintiff in error, hereinafter referred to as defendant, to recover the sum of $174, alleged to be due and owing plaintiff for work and labor performed for defendant. Plaintiff alleges that at the special instance and request of the defendant he worked in the employment of defendant for a period of 78 days beginning on July 10, 1914, and continuing up to October 5, 1914, at the agreed price of $3 per day, and that he had received for said work and labor the sum of $60; that the defendant refused to pay the remainder of said amount. The answer of defendant states that it denies generally each and every allegation in the plaintiff's bill of particulars, and defendant for further answer stated that it was indebted to plaintiff in the sum of $65 which amount was tendered to plaintiff. It was contended by plaintiff that he entered into a contract with defendant on or about 10th day of July, 1914, by the terms of which he was to work for defendant until April 1. 1918, at the rate of $50 per month, and that if defendant should not retain plaintiff for said length of time that he was to receive as pay for the work actually done the regular current wages in the community. Defendant contended that plaintiff was to receive the sum of $50 per month, and that no contract was entered into by the terms of which he was to receive as pay for his work and labor the amount paid in that community for day labor. On these issues the cause was tried, and a verdict rendered in favor of plaintiff for the sum of $109. A motion for new trial was filed and overruled, and from the action of the trial court in overruling said motion an appeal is prosecuted to this court.

A motion has been lodged in this court by defendant in error to dismiss the appeal, for the reason that the case-made is void and that there is nothing before this court to review. An examination of the case-made discloses that said motion should be sustained. It does not appear from the record in this case that the case-made was served on plaintiff or his counsel, or that any notice was served on plaintiff or his counsel of the day that said case-made was presented to the trial judge to be signed and settled. It has been decided uniformly by this court that a case-made must affirmatively show that it was served on the opposing party or his counsel, and it must further affirmatively appear that notice of the time and place of signing and settling the case-made was served on the opposing party or his counsel.

There is a total absence of these requirments in the instant case. In the case of First National Bank of Collinsville v. Daniels, 26 Okla. 383, 108 Pac. 748, Judge Hayes, speaking for the court, said:

"A proceeding in error brought in this court on a case-made, where it does not appear from the record or otherwise that the defendant was present either personally or by counsel at the settlement, nor that notice of the time thereof was served or waived, * * * nor what amendments suggested (if any) were allowed or disallowed, will be dismissed on motion of defendant in error."

This rule has been uniformly adhered to by this court. Cooper v. Chapman, 26 Okla. 600, 110 Pac. 722; Grayson v. Perryman, 25 Okla. 339, 106 Pac. 954.

We therefore recommend that the motion of the defendant in error be sustained, and the appeal be dismissed.

By the Court: It is so ordered.