## TOWN et al. v. CRAWFORD et al.

No. 15271—Opinion Filed Feb. 24, 1925.

**1. Appeal and Error—Case-Made—Change by Judge Without Notice—Effect.**

The trial court has no right or authority to change the case-made after it has been served, without notice to the opposite party, and if such changes are made without notice, it invalidates the case-made.

**2. Same—Settlement of Case-Made Without Notice—Proof.**

Where the record shows that no stipulation was ever filed agreeing to the case-made and waiving amendments and time for settling case-made, and the court attempts to settle it without notice or waiver, such action of the court is without authority of law, and its certificate to that effect is subject to impeachment by the record and by extraneous evidence.

**3. Same—Falsity of Certificate—Dismissal.**

The certificate of the trial judge to a case-made is not a verity, but is only prima facie evidence of the facts recited in said certificate. In this case the certificate of the judge reciting that the respective parties had signed a stipulation waiving the suggestion of amendments and agreeing that the case-made was full and complete and waiving notice for settling case-made is erroneous on the face of the record, as

the record shows the stipulation to which the trial judge's certificate refers was never dated or signed by attorneys for plaintiff. These facts being erroneous and untrue render the case-made a nullity and subject to dismissal.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Garvin County; A. C. Barrett, Judge.

Action by J. H. Crawford, J. H. Spiker, and G. E. Denson, against Harry Dukes Town, Missie Johnson, nee Town, Motsy Williams, Silas James, and Milt Allen, the guardian of Harry Dukes Town, a minor, and the unknown heirs, devisees, trustees, assigns, executors, and administrators, immediate and remote, of Winchester Town, deceased. Dismissed.

The plaintiffs in this action, J. H. Crawford, J. H. Spiker. and George E. Denson, claim title to the land in controversy through mesne conveyance from all of the heirs of Winchester Town, and the defendants Missie Johnson, nee Town, and Harry Dukes Town claim as widow and son of Winchester Town. It is the contention of the plaintiffs that Missie Johnson, nee Town, the widow, only had a dower interest in Winchester Town's allotment, and that Harry Dukes Town was an illegitimate child of Missie Town, and was not the son of Winchester Town or in any wise related to him. On these issues, the case was tried to the court. It submitted certain interrogatories for the jury to answer and on the answer of the interrogatories and the court's own knowledge of the facts as gathered from the testimony, found for the plaintiffs, and found that the defendants had no interest in the land constituting the allotment of Winchester Town. The defendants, Missie Johnson, nee Town, and Harry Dukes Town have attempted to appeal to this court. On July 1, 1924, J. H. Crawford and J. H. Spiker filed their separate motion to dismiss the appeal on several grounds, and, on the same date, July 1, 1924, G. E. Denson filed his separate motion to dismiss the appeal, and thereafter the court overruled said motions pro forma; and on December 20 J. H. Crawford and J. H. Spiker filed their separate motion for a rehearing on the motion to dismiss, and Denson has since joined in said motion and these motions are before the court for final disposition.

Lunsford, Bulgin & Windham, for plaintiffs in error.

A. F. Pyeatt, for defendant in error G. E. Denson.

Cicero I. Murray, for defendants in error J. H. Crawford and J. H. Spiker.

Opinion by MAXEY, C. The separate motions in this case are substantially the same, and they will be considered together. It appears from the record in the case. that at the institution of the suit, Cicero I. Murray represented all three plaintiffs, but that Denson afterwards employed A. F. Pyeatt, and Murray withdrew as counsel for Denson, but continued to represent Crawford and Spiker throughout the case, and the record shows that Pyeatt only appeared for Denson, and Murray alone appeared for Crawford and Spiker. One of the grounds for dismissal is that the case-made was never served on Spiker or Crawford nor their attorneys of record, but was only served on A. F. Pyeatt, attorney of record for Denson. Mr. Pyeatt makes his affidavit, in support of said motion, that he was not attorney for Crawford nor Spiker, but was only attorney for Denson; that what purported to be a case-made was served on him on the 3rd day of March, 1924, and that the time for serving case-made expired on the 4th day of March, 1924. Pyeatt contends that the case-made filed in this court is not the case-made served on him. He alleges, and the record appears to show, that there were various and material changes made in the case-made after it was served on him. He first complains that Motsy Williams and Silas James were defendants in the court below and have not been made defendants in this court, and that their rights might be materially affected by a reversal of this cause. He also complains that the case-made is not properly signed and attested; that the clerk of the court never signed or attested said case-made; and alleges that no order overruling the motion for new trial was ever made. entered, or filed in said action.

The motion alleges that there was no order overruling the motion for new trial ever made, entered, or filed, and that the nunc pro tunc order shown on page 208 which purports to supply the order overruling the motion for new trial was entered after the case-made was served on Denson, without any notice of the filing of same, or Denson having any opportunity to appear and resist such motion.

They also complain in said motion that the case-made. as served on Denson, was changed, without their knowledge or consent, by adding pages 196, 197, 213a, 213b,

219a. That these pages were added after service on Denson, and after the time for presenting case-made expired, and that said case-made as it now appears in this court is not the case-made that was attempted to be served on Denson, and no case-made was served on Crawford or Spiker. The record shows that there was no stipulation of attorneys signed agreeing to the case-made and waiving the suggestion of amendments. There appears on page 219 of the case-made what purports to be a stipulation of the attorneys, but it is not dated nor signed by either of the attorneys for plaintiffs, so that is a nullity and no stipulation was ever signed. There is a certificate of the trial judge at the close of the case-made, dated April 1, 1924, and signed by A. C. Barrett, district judge, and the name of John R. Law is signed as court clerk under the word attest. This purported certificate to the case-made recites:

"That the attorneys of record for plaintiff and defendant having stipulated that the above and foregoing is a full, true, correct, and complete case-made, and having waived suggestion of amendments and stipulated that said case-made should be signed immediately, and without notice."

This recitation in the certificate of the judge is an error on the face of the record. There is nothing in the record to show that any such stipulation was ever signed by the attorneys for defendants in error, plaintiffs below, and the trial judge acted on information that was incorrect. The certificate of the trial judge is not a verity, it is only prima facie evidence of the facts therein contained and may be shown to be untrue. Dehner et al. v. Curry et al., 64 Okla. 164, 166 Pac. 81; Powell et al. v. First State Bank of Clinton, 56 Okla. 44, 155 Pac. 500; City of Lawton v. Hills, 53 Okla. 243. 156 Pac. 297. In the case of City of Lawton v. Hills, supra, the second paragraph of the syllabus reads as follows:

"Under section 5248, Rev. Laws 1910, the certificate of the trial judge is prima facie evidence of facts therein recited, but is not conclusive and will be overcome when the case-made affirmatively shows on its face that the certificate is incorrect in some material respect."

In Dehner et al. v. Curry et al., supra, it appears that in this case the Supreme Court corrected the certificate of the trial judge under section 5248, Rev. Laws 1910, but after making the correction, the court said:

"With the certificate of the trial judge corrected by this court to speak the truth, the record will not show that the defend-

ants in error ever waived their right to suggest amendments to the case-made, or that they consented that the same might be settled by the trial court without notice to them, or that they joined in a request to the trial judge to settle the same. As neither Henry A. Dulinsky, a necessary party to the proceeding in error, nor his counsel were present at the time the case-made was settled and signed, it follows from a long line of decisions that the petition for rehearing must be granted, and the motion to dismiss the appeal be sustained."

The facts in this case, as applied to the motion for rehearing of the petition to dismiss, are identical with the case just cited, and for that reason alone following these authorities, the appeal in this case will have to be dismissed. There are other grounds for said motion that show great irregularities and the incorporation of the nunc pro tunc order overruling the motion for new trial and saving exceptions having been without notice, we are inclined to think is prejudicial error, but there is no doubt but what the failure to serve the case-made on two of the defendants, Spiker and Crawford, is fatal to this appeal, as well as the failure to give notice of the time of settling and signing of the case-made. The certificate of the trial judge under the evidence on this motion is fatally defective; and for these reasons, the petition for rehearing on the motion to dismiss will have to be granted, and the case dismissed. We so recommend.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 361; (2) 4 C. J. p. 517; (3) 4 C. J. p. 518.