## CARR v. ST. LOUIS-SAN FRANCISCO RY. CO.

No. 16628—Opinion Filed June 1, 1926.

### Appeal and Error—Invalidity of Case-Made Settled Without Required Notice.

Where the appellant presents a case-made to the trial judge and has the same settled and signed without giving the required notice, in the absence of an appearance or waiver on the part of the appellee, such case-made so settled cannot be considered in this court, and the appeal will be dismissed.

(Syllabus by Williams, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action by H. H. Carr against St. Louis-San Francisco Railroad Company for personal injuries. Judgment for defendant, and plaintiff brings error. Dismissed.

Geo. T. Bonstein and Felder & Moak, for plaintiff in error.

E. T. Miller, Stuart, Sharp & Cruce, and Ben Franklin, for defendant in error.

Opinion by WILLIAMS, C. This suit was filed May 10, 1922, for an alleged injury which plaintiff claimed to have sustained on April 28, 1921, in alighting from a train in Okmulgee, Okla. The issues were joined and the case tried to a jury, resulting in a verdict for the defendant. Motion for new trial was filed and overruled, and the plaintiff in error brings the case to this court on appeal. The parties herein will be referred to as they appeared in the trial court.

The defendant has filed a motion to dismiss the appeal, upon the ground and for the reason that the case-made filed by the plaintiff in this case affirmatively shows that no notice of the time of settlement of the case-made, as filed herein, was given to this defendant; neither was the giving of said notice waived; neither was there any appearance by the defendant at the time and place of the settlement of said case-made, either in person or by counsel; that the defendant had no knowledge, either actual or constructive, of the time and place of said settlement.

The case-made shows at page 142 the following orders to have been made on the 6th day of July, 1925:

"It is therefore ordered that, for good cause shown, plaintiff be and he is hereby granted a further extension of time of nine days, in addition to the time heretofore granted herein, within which to prepare and serve case-made herein, the defendant to have seven days after service thereof within which to suggest amendments, the same to be settled and signed upon three days notice in writing, by either party. James Hepburn, Judge."

At page 146 of the case-made attorneys for the defendant acknowledge service of the case-made as follows:

"The undersigned attorney of record for the defendant, St. Louis-San Francisco Railway Company, in the above entitled cause, do hereby acknowledge service of the foregoing case-made, this 15th day of July, A. D. 1925. Stuart, Sharp, Cruce, G. R. Horner, attorneys of record for defendant."

The case-made nowhere shows that notice of settlement of the case-made was given to the defendant, or any of its attorneys. In fact, it is conceded by the plaintiff in their response to the motion to dismiss the appeal, that no notice of the settlement of the case-made was served upon the defendant or defendant's counsel.

From the above facts it appears that the case-made was served upon defendant's counsel, and was signed and settled by the trial judge without any notice being given, either

orally or in writing, to the defendant of the time and place of the settlement of the same; it also shows that the giving of the notice was not waived, and no appearance was made by the defendant either in person or by counsel.

This court has held in such cases the appeal must be dismissed. Perfection Refining Co. v. Woolworth, 76 Okla. 297, 185 Pac. 327; Guymon Elec. Light & Power Co. v. Spears, 73 Okla. 180, 175 Pac. 347; Welcher v. Burford, 47 Okla. 98, 147 Pac. 774.

The plaintiff in his response to the motion to dismiss the appeal quotes from the case of Miskovsky v. Verbt, 74 Okla. 123, 177 Pac. 614. Commissioner Rummons in the first paragraph of the syllabus in the above case held:

"When a case-made has been prepared and duly served within the time allowed and the defendant in error returns such case-made without the suggestion of amendments, no notice to him of the signing and settling of such case-made is required."

We find a note at the bottom of page 614, Pacific Reporter, with reference to this syllabus, which reads as follows:

"1. This paragraph of the syllabus, as written by the commissioner, is not approved by the court. See opinion by Hardy, J., at end of case."

The last paragraph of the opinion in the above case is as follows (Justice Hardy speaking for the court):

"The opinion of the Commission in the above styled cause is approved, except as to the first paragraph of the syllabus and the discussion of the rule therein stated in the body of the opinion. The rule announced in Southwestern Surety Ins. Co. v. Dietrich, 172 Pac. 51, is applicable to the facts here presented, and there is no necessity for extending the rule announced in the cited case."

From the above it appears that the court affirmatively refused to change the rule regarding the giving of notice at the time of settling and signing of case-made.

In the case of Ranny-Davis Merc. Co. v. Morris et al., 88 Okla. 107 211 Pac. 1044, the fifth paragraph of the syllabus is as follows:

"Where no notice of the time of settlement of the case-made is given or waived and there is no appearance by the opposite party, either in person or by counsel, the case-made is a nullity, and this court acquires no jurisdiction to decide the question therein."

And the sixth syllabus of that case is:

"The former opinions of this court announcing a contrary rule and in conflict with the rules of law above announced, are hereby overruled."

This question was again before this court in the case of Walker v. Buckmaster, 90 Okla. 252, 217 Pac. 484. The opinion is by Justice Kennamer, and the syllabus is as follows:

"Where the appellant presents a case-made to the trial judge, and has the same settled and signed without giving the required notice, in the absence of an appearance or waiver on the part of the appellee, such case-made so settled cannot be considered in this court, and the appeal will be dismissed."

For the reasons stated the appeal is dismissed.

By the Court: It is so ordered.

Note.—See 4 C. J. p. 359 § 2010; p. 361 §2015.