## MORRIS v. WEST PUBLISHING CO.

No. 16703—Opinion Filed June 8, 1926.

### Appeal and Error—Case-Made—Necessity for Notice of Settlement.

Where the appellant presents a case-made to the trial judge, and has the same settled and signed without giving the required notice, in the absence of an appearance or waiver on the part of the appellee, such case-made so settled cannot be considered in this court, and the appeal will be dismissed.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Woodward County; Charles Swindall, Judge.

Action by West Publishing Company, against W. E. Morris and Ralph Gaston. Judgment for plaintiff, and defendant W. E. Morris appeals. Appeal dismissed.

W. E. Morris, for plaintiff in error.

Chas. R. Alexander, for defendant in error.

Opinion by RAY, C. The record in this case is neither settled and signed as a case-made as required by law, nor certified as a transcript. It does not purport to be a bill of exceptions.

At the time the motion for new trial was overruled, the defendant, Morris, was given 60 days in which to make and serve a case-made. Plaintiff was given ten days to suggest amendments, and it was ordered that the case-made be settled and signed on five days written notice by either party to the other. The case-made was served July 23, 1925. It is not made to appear that any amendments were made or suggested.

August 8, 1925, the defendant, Morris, forwarded to the plaintiff's attorney through the U. S. mail a written notice that on the 11th day of August, 1925, at 10 o'clock, a. m., or as soon thereafter as counsel could be heard, the case-made would be presented to the Honorable Charles Swindall at his chamber in the city of Enid for settlement. This notice was deposited in the U. S. post office as registered article No. 1393, postage paid, addressed to Charles Alexander, attorney for the plaintiff. On the 10th day of August, 1925, the defendant, Morris, received return card signed by Alexander, showing that a copy of the notice was received by him on August 9, 1925. The case-made was settled and signed August 11, 1925. The judge's certificate recites that "the plaintiff appeared not either in person or by attorney." It will be observed that the case-made was settled and signed within three days after the written notice addressed to the attorney for the plaintiff was deposited in the post office as registered mail. The order was that it should be settled and signed on five days' written notice by either party to the other. The cause was tried in Woodward county. The case-made was settled and signed in Garfield county pursuant to the written notice without any appearance or waiver on the part of the plaintiff.

This court has held that:

"Where the appellant presents a case-made to the trial judge and has the same settled and signed without giving the required notice, in the absence of an appearance or waiver on the part of the appellee, such

case-made so settled cannot be considered in this court, and the appeal will be dismissed." Walker v. Buckmaster, 90 Okla. 252, 217 Pac. 484.

The motion to dismiss contained in defendant in error's brief is well taken, and the appeal is dismissed.

By the Court: It is so ordered.

Note.—See 4, C. J. p., 361 § 2015.