## FIRST STATE BANK OF OILTON et al. v. O'BANNON.

No. 18371.    Opinion Filed Nov. 8, 1927.

(Syllabus.)

### Appeal and Error—Case-Made Signed and Settled Without Notice a Nullity.

Where a case-made is settled and signed without notice of the time of the settlement of the case-made being given or waived and no stipulation entered into as to the correctness of the same and no appearance by the opposite party, either in person or by counsel, such case-made is a nullity and brings nothing before this court for review.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action between the First State Bank of Oilton et al., and Frank O'Bannon. From judgment in favor of the latter, the former appeal. Dismissed.

Creekmore Wallace, for plaintiffs in error.

Robson & Moreland and Hughes, Foster & Ellinghausen, for defendant in error.

PER CURIAM. This is an attempt to appeal from a judgment of the trial court rendered on the 18th day of February, 1927. Case-made was served upon the defendant in error on the 9th day of May, 1927, and settled and signed by the trial judge on the 17th day of May, 1927. No amendments were suggested by the defendant in error; no notice of time and place of settlement was served by the plaintiffs in error upon the defendant in error nor was such notice waived upon the part of the defendant in error; no stipulation entered into as to the correctness of the case-made, and it is not shown that the defendant in error appeared before the trial judge at the time and place at which the case-made was settled.

The defendant in error has filed herein his motion to dismiss the appeal for the reason that no notice of settling of case-made was ever given to defendant in error and no stipulation as to the correctness of the case, or waiver of notice of time and place of signing and settling of case-made, was ever entered into between the parties in this action.

This motion is well taken. This court in the case of Carr v. St. L. & S. F. Ry. Co., 118 Okla. 223, 247 Pac. 38, laid down the rule that:

"Where the appellant presents a case-made to the trial judge and has the same settled and signed without giving the required notice, in the absence of an appearance or waiver on the part of the appellee, such case-made so settled cannot be considered in this court, and the appeal will be dismissed."

The rule thus laid down is supported by a long line of decisions by this court. Morris v. West Publishing Co., 118 Okla. 237, 247 Pac. 52; Ranney-Davis Mercantile Co. v. Morris et al., 88 Okla. 107, 211 Pac. 1044; Perfection Ref. Co. v. Woolworth, 76 Okla. 297, 185 Pac. 327.

From the facts above stated, it appears that the case-made was served upon the defendant's counsel and was signed and settled by the trial judge without any notice being given to the defendant in error of the time and place of settling the same. It does not appear that the parties to this appeal have entered into a stipulation as to the correctness of the case-made, nor does it appear that such notice was waived, and no appearance was made by the defendant in error, either in person or by counsel, at the time and place of settlement of the case-made. Other causes for dismissal are assigned in defendant in error's motion which we find it unnecessary to notice. The errors assigned in the petition cannot be reviewed on transcript.

The appeal is dismissed.

Note.—See 4 C. J. p. 361, §2015; 2 R. C. L. p. 159; 1 R. C. L. Supp. p. 418; 4 R. C. L. Supp. p. 86; 5 R. C. L. Supp. p. 75.