### LIBERTY LIFE INS. CO. v. GREEN.

No. 19565.  Opinion Filed Oct. 9, 1928.

John W. Porter, for plaintiff in error.

Robertson & Miller, for defendant in error.

PER CURIAM.  This is an appeal from the district court of Cherokee county, wherein the defendant in error was plaintiff, and plaintiff in error defendant.

The appeal is by petition in error with case-made attached. The record is also certified to as a transcript. A motion to dismiss is lodged in this court to dismiss the appeal for the reason that the case-made was settled and signed by the trial judge in the absence of and without notice to the defendant in error having been given of the time and place for settlement thereof and without such notice in any manner waived by the defendant in error. An examination of the record does not disclose any notice was given the defendant in error of the time and place of settlement of case-made, or that the defendant in error was present when the case was settled and signed. The purported waiver incorporated in the case-made is unsigned by either of the parties. A case-made settled and signed by the trial judge in the absence of, and without notice of the time and place of settlement thereof to the defendant in error, is a nullity unless such notice is in some manner waived by the parties. Ranney-Davis Mercantile Co. v. Morris, 88 Okla. 107, 211 Pac. 1044; Dies v. Boyngton, 88 Okla. 156, 212 Pac. 318; Carr v. St. Louis-San Francisco Ry. Co.. 118 Okla. 223, 247 Pac. 38; Morris v. West Publishing Co.. 118 Okla. 237, 247 Pac. 52.

The certificate of the trial judge recites that the defendant in error waived all rights of amendment 'in writing and agreed in writing that the case-made might be signed and settled without notice, upon presentation, and the plaintiff in error insists that

such certificate is verity and must control. In the case of Town et al. v. Crawford et al., 106 Okla. 254, 234 Pac. 208, this court held that the certificate of the trial judge is only prima facie evidence of the facts recited therein, and that where on the face of the record it is shown that the purported stipulation waiving the suggestion of amendments and waiving notice of settlement of case-made is unsigned, the certificate of the trial judge reciting a waiver of notice and suggestion of amendments in this respect is erroneous, and the record will control. See, also, Dehner v. Curry, 64 Okla. 164, 166 Pac. 81; Powell v. First State Bank, 56 Okla. 44, 155 Pac. 500; City of Lawton v. Hills, 53 Okla. 243, 156 Pac. 297.

Plaintiff in error further urges that the record is certified to as a transcript, and that they may be heard in this court thereon. The only error assigned in the petition in error that can be reviewed upon transcript is the action of the trial court in overruling the demurrer to plaintiff's petition on the 28th day of November, 1927. The appeal was lodged in this court on July 14, 1928, and therefore not lodged in this court within six months from the date of the overruling of the demurrer, and the appeal therefore was not filed in this court within time required by law. See McGrath v. Rorem, 123 Okla. 163, 252 Pac. 418; Aultman Taylor Machinery Co. v. Fuss, 86 Okla. 168, 207 Pac. 308; Brooks v. Watkins Medical Co., 81 Okla. 82, 196 Pac. 956.

The case-made, as presented in this appeal, is a nullity, and presents nothing to this court for review. The action of the trial court in overruling the demurrer to plaintiff's petition cannot be reviewed by this court on transcript, for the reason the same was not presented in time or by a valid case-made. The motion of the defendant in error to dismiss is sustained, and the appeal is hereby dismissed.