## CHERRY et al. v. CHESTNUT et al.

No. 21621.  Opinion Filed Oct. 7, 1930.

B. C. Franklin, for plaintiffs in error.

Robinson & Jones, for defendants in error.

PER CURIAM. This is an appeal from the judgment of the court of common pleas of Tulsa county, rendered on the 29th day of January, 1930, in an action wherein the plaintiffs in error were defendants.

The motion for new trial was overruled on the 15th day of February, 1930, and 30 days given in which to serve case-made. Thereafter several orders were made extending the time in which to make and serve case-made, the last of which extended the time to and including August 14, 1930, and provided the plaintiffs should have ten days to suggest amendments after service of case-made; case-made to be settled and signed upon 5 days' written notice by either party.

The case-made was served July 21, 1930, and on August 2, 1930, the defendants served notice on plaintiff that the case-made would be presented to the trial judge for settlement on August 7, 1930. No other notice of the time and place of settlement of case-made was given, and the case-made was

settled and signed on the 13th day of August, 1930, one day before the expiration of the time in which to make and serve case-made, and 11 days before the expiration of the time to suggest amendments had expired. We observe the order of the court fixing the time to suggest amendments provides for the beginning of such time at the service of the case-made, but this court has in a number of cases held that the time in which to suggest amendments begins to run from the expiration of the time in which to serve case-made, and not from the time of the service thereof. The latest expression of the court is found in the case of Bradfield v. Black, 143 Okla. 185, 287 Pac. 1026, in which this court announced the rule as follows:

"The time within which to suggest amendments begins to run, not from the date of service of the case-made, but from the expiration of the time allowed within which to make and serve the same."

And in the same case, the rule was announced that "an order providing for the beginning of time in which to suggest amendments from the time of service of the case-made is void in so far as it attempts to limit the time for suggestion of amendments."

When the case-made was not settled on the day fixed in the notice served, such notice became functus officio, and before the case-made could be legally settled and signed, another notice must be served on the opposing party. Russell v. Hyer, 136 Okla. 75, 275 Pac. 653, and cases therein cited.

The purported case-made attached to the petition in error shows the stipulation agreeing to the case-made and waiving the right to suggest amendments and notice of the time and place of settling is unsigned by the parties, and the certificate of the judge as to such stipulation and waiver is not a verity (Town v. Crawford, 106 Okla. 254, 234 Pac. 208; Liberty Life Ins. Co. v. Green, 133 Okla. 58, 270 Pac. 1111), and the facts shown by the record will control. The case-made was settled and signed in the absence of the defendants in error and before the expiration of time to suggest amendments, without notice of the time and place of settlement and without waiver of such notice or suggestion of amendments, and is a nullity and brings nothing before this court for review. Russell v. Hyer, supra.

The record is certified by the clerk as a transcript and the petition in error assigns the action of the trial court in sustaining the plaintiffs' demurrer to defendants' cross-petition, but an examination of the record does not disclose that any demurrer was filed and contains no order overruling such demurrer. For the reason herein set forth, the appeal is dismissed.

Note.—See under (1) 2 R. C. L. p. 158. R. C. L. Perm. Supp. p. 351. (2) 2 R. C. L. p. 159; R. C. L. Perm. Supp. p. 351.