## HALL v. JONES.

No. 21515. Opinion Filed Oct. 28, 1930.

J. Roy Orr and Leander Hall, for plaintiff in error.

F. E. Riddle, for defendant in error.

PER CURIAM. This is an appeal from a judgment rendered in the district court of Grady county on the 22nd day of October, 1929, in an action pending therein wherein Leander Hall was plaintiff, and plaintiff appeals.

The case-made attached to the petition in error filed in this case was settled and signed by the trial judge on the 7th day of July, 1930, without notice having been served upon the defendant in error of the time and place of settlement and in the absence of the defendant in error. The certificate of the trial judge settling the case-made contains a recital "that the plaintiff and defendant having waived the suggestion of amendments and stipulation as to the correctness of the case-made and waived notice of settlement and consents that the

case-made be settled immediately and without notice." But an examination of the purported case-made shows the stipulation therein as to the correctness of the case-made and the waiver of right to suggest amendments and consenting to the settlement thereof without notice is unsigned by the defendant.

In the case of Town v. Crawford, 106 Okla. 254, 234 Pac. 208, in a case wherein the condition of the record is almost identical to that of this case, this court said:

"This recitation in the certificate of the judge is an error on the face of the record. There is nothing in the record to show that any such stipulation was ever signed by the attorneys for defendants in error, plaintiffs below, and the trial judge acted on information that was incorrect. The certificate of the trial judge is not a verity, it is only prima facie evidence of the facts therein contained and may be shown to be untrue. Dehner v. Curry, 64 Okla. 164, 166 Pac. 81; Powell v. First State Bank of Clinton, 56 Okla. 44, 155 Pac. 500; City of Lawton v. Hills, 53 Okla. 243, 156 Pac. 297. In the case of City of Lawton v. Hills, supra, the second paragraph of the syllabus reads as follows:

" 'Under section 5248, Rev. Laws 1910, the certificate of the trial judge is prima facie evidence of facts therein recited, but is not conclusive and will be overcome when the case-made affirmatively shows on its face that the certificate is incorrect in some material respect'."

The certificate of the trial judge to the case-made as to such stipulation in this cause is therefore an error on the face of the record and the facts shown by the record will control. There was then in this case no waiver of the notice of the time and place of settlement of the case-made, and such case-made, having been settled and signed without notice of the time and place of settlement and without the same being waived and in the absence of the defendant, is a nullity and brings nothing before this court for review. Town v. Crawford, supra; Carr v. St. Louis-S. F. Ry. Co., 118 Okla. 223, 247 Pac. 38; Morris v. West Publishing Co., 118 Okla. 237, 247 Pac. 52; First State Bank of Oilton v. O'Bannon, 128 Okla. 16, 260 Pac. 1062; Liberty Life Ins. Co. v. Green, 133 Okla. 58, 270 Pac. 1111.

The petition in error presents alleged errors that may be reviewed on transcript, and the record is certified by the clerk of the trial court as such, but the appeal was not filed in this court until July 12, 1930, more than six months from the date of the judgment sought to have reviewed, and this court is without jurisdiction to review such alleged errors. Brigham v. Davis, 126 Okla. 90, 258 Pac. 740; Davis v. DeGeer, 91 Okla. 111, 216 Pac. 156; Richmond v. Beidleman, 33 Okla. 463, 126 Pac. 818.

Under this condition of the record in this cause, there is nothing before the court for review, and upon motion of the defendant in error the appeal is dismissed.

Note.—See under (1) 2 R. C. L. p. 159.