## BOARD OF COM'RS OF LE FLORE COUNTY et al. v. LUCAS et al.

No. 21420. Opinion Filed Nov. 11, 1930.

James Babb and C. T. Bennett, for plaintiffs in error.

Lunsford & Windham, for defendants in error.

PER CURIAM. This cause is before the court on motion to dismiss the appeal on the ground the case-made was settled and signed in the absence of, and without notice to the defendants in error and without a waiver of such notice, and by reason thereof the case-made is a nullity and presents nothing to this court for review.

This is an appeal from the judgment of the district court of Le Flore county rendered in an action wherein plaintiffs in error were defendants. The case-made attached to the petition in error was served February 11, 1930. On May 15, 1930, notice was served on the defendants in error that the case-made, with the amendments suggested, would be presented to the trial judge on the 21st day of May, 1930, for settlement. The case-made was settled and signed on the 2nd day of June, 1930, in the absence of, and without notice to the defendants in error. Amendments were suggested by the defendants in error, but there is no showing in the record that the suggested amendments were allowed or denied by the trial court.

Where plaintiff in error has prepared and served case-made and has given the prescribed notice of the time and place that the same will be presented to the trial judge for settlement and the same is not presented for settlement and signing at such time and place, said notice becomes functus officio, and before the case-made can be legally settled and signed another notice of the time and place of settling must be served upon the opposing party unless such notice is waived. Russell v Hyer, 136 Okla. 75, 275 Pac. 653. A case-made settled and signed without notice to the opposing party of the time and place of settling and signing the same and without the appearance of such party or parties and without their waiver of such notice is a nullity and brings nothing before this court for review. Russell v. Hyer, supra. The certificate of the trial judge to the case-made contains the statement that "all parties expressly waiving the right to suggest amendments and consent that said case-made be settled as a true case-made;" but an examination of the record discloses the stipulation as to the correctness of the case-made and waiver of right to suggest amendments and consent to settlement without notice is unsigned by the defendants in error.

The certificate of the trial judge to a case-made is only prima facie evidence of the facts recited therein, and where the record on its face shows such certificate to be erroneous, the facts shown by the record will control. Liberty Life Ins. Co. v. Green, 133 Okla. 58, 270 Pac. 1111; First

Nat Bank v. O'Bannon, 128 Okla. 16, 260 Pac. 1062; Morris v. West Pub. Co., 118 Okla. 237, 247 Pac. 52; Town v. Crawford, 106 Okla. 254, 234 Pac. 208.

The case-made as presented in this appeal is a nullity and presents nothing to this court for review, for the reason it is settled and signed in the absence of, and without notice to the defendants in error of the time and place of settlement and without such notice having in any manner been waived. The alleged error of the trial court presented in the petition in error is such as can only be reviewed upon case-made or bill of exceptions. No bill of exceptions is contained in the record, and the appeal is dismissed.