## BRANUM v. SKIRVING.

No. 21366. Opinion Filed Nov. 18, 1930.

C. A. Summers, for plaintiff in error.

C. E. McLees, for defendant in error.

PER CURIAM. This is an appeal from the judgment of the district court of Muskogee county rendered in an action wherein Ira F. Skirving was plaintiff and Victor E. Branum was defendant. Judgment was for the plaintiff, and defendant appeals.

The motion for new trial was overruled November 23, 1925, and time given in which to make and serve case-made. It is conceded by the parties to this appeal that the case-made was served within the time allowed by order of the court therefor, but the defendant in error now moves that the appeal be dismissed upon the grounds the case-made is a nullity and brings nothing before the court for review for the reason the case-made was settled and signed in the absence of, and without notice to the defendant in error, and without such notice having been in any manner waived.

The case-made attached to the petition in error does not show any notice was given to the defendant in error of the time and place of the settlement thereof, nor that such notice was in any manner waived; the plaintiff was not present at the time of the settlement of the case-made.

A case-made settled and signed in the absence of, and without notice to the defendant in error of the time and place of settlement and without a waiver of such a notice is a nullity and brings nothing before this court for review. Liberty Life Ins. Co. v. Green, 133 Okla. 58, 270 Pac. 1111, and cases therein cited. The plaintiff in error nowhere asserts that such notice was given, but urges that because the certificate of the trial court judge recites notice was given, the question presented by the

motion to dismiss was adjudicated in the trial court. This question is also decided in the case of Liberty Life Ins. Co. v. Green, supra, wherein the rule is announced as follows:

"The certificate of the trial judge to a case-made is only prima facie evidence of the facts recited therein, and where the record on its face shows the recital in such certificate to be erroneous, the facts shown by the record will control."

See, also, Town v. Crawford, 106 Okla. 254, 234 Pac. 208, and cases therein cited.

The record in this case is not certified as a transcript, and for the reason the case-made is a nullity and brings nothing before this court for review, the appeal is dismissed.