## KERSHAW et al. v. CITY of MUSKOGEE et al.

No. 23151. Opinion Filed July 12, 1932.

Malcolm E. Rosser, for plaintiff in error.

William B. Moore, City Atty., for defendants in error.

PER CURIAM. The city of Muskogee, Okla., and Metropolitan School Supply Company, as plaintiffs, filed petition in the district court of Muskogee county against L. W. McLean, city treasurer of the city of Muskogee, for peremptory writ of mandamus to compel the said defendant to comply with his "statutory and legal duty" and to register and sign a certain warrant for $999.20 in his official capacity, alleging that said warrant had been duly and legally drawn by the city manager and city clerk of the city of Muskogee on a fund which the city treasurer then had on hand, to pay for some chairs, furniture, and other equipment to complete and make usable the new city hall recently completed by the said city of Muskogee. L. R. Kershaw and S. P. Mann were permitted to intervene as resident taxpayers of the city of Muskogee; and upon hearing the trial court rendered judgment in favor of the plaintiffs and against the defendant and interveners, and peremptory writ of mandamus issued. The interveners filed motion for new trial, but no motion for new trial was filed by the defendant city treasurer. On June 19, 1931, the court overruled the motion for new trial and the interveners appealed to this court by filing petition in error and case-made on December 10, 1931.

The defendants in error have filed motion to dismiss the appeal, stating as grounds therefor, in substance, as follows:

"No. 1. The trial court improperly allowed Kershaw and Mann to intervene in this action, and being improper parties, they are not permitted to appeal from the judgment of the trial court to this court.

"No. 2. If Kershaw and Mann were properly allowed to intervene in the trial court, then all parties to the action below should be parties in this court on appeal, including the city treasurer, as he is an opposite party, a necessary party defendant, a party necessarily affected by the affirming, modification or reversal of the judgment of the trial court; and the case-made, being not served upon the city treasurer, is a nullity and this court has no jurisdiction to hear this appeal.

"No. 3. The case-made was settled and signed without notice of the time and place of settlement and no waiver of appearance of any of the opposite parties and case-made is a nullity and brings nothing before this court for review."

An examination of the record discloses that the third ground of the motion to dismiss is well taken, and we will therefore consider the propositions in reverse order, which will greatly shorten this opinion.

The judgment granting the writ of mandamus was entered June 11, 1931, and the order overruling the motion of the interveners for new trial was entered June 19, 1931, at which time and in which order the interveners were allowed 60 days from June 11, 1931, within which to make and serve case-made upon opposing parties. Other orders extending time for preparation and service of case-made were entered; case-made was served within the time allowed by the court, but only upon counsel for plaintiffs city of Muskogee and Metropolitan School Supply Co. The attorneys for said plaintiffs acknowledged service of case-made on the 21st day of September, 1931. No stipulation by said attorneys for the settlement of case-made appears in the record, and no waiver of the right to suggest amendments and consent to settlement without notice appears in the record. No notice of the time and place of settlement was served upon the plaintiffs. The certificate of the trial judge settling the case-made, omitting the formal part reads as follows:

"This is to certify, that the within and foregoing case-made and the amendments thereto have been duly served in due time and within the time heretofore granted by the court ,and the same duly submitted to me for settlement and signing by the parties hereto, as required by law. That the same as above set forth is true and correct and contains a true and correct statement and report of all the pleadings, motions, orders, evidence. findings, verdict, proceedings, and judgments had in said cause; and I hereby allow, settle, approve, certify and sign the same as true and correct. and I hereby order that the court clerk of Muskogee county, state of Oklahoma, attest the

same with the seal of said court and file the same of record.

"Witness my hand, in chambers this 21st day of October, A. D. 1931.

"Enloe V. Vernor. Judge of the District Court.

"Attest: Theo. Frazier, Court Clerk, Muskogee County, Oklahoma,

"Filed by J. A. Searcy, Deputy."

Plaintiffs in error in their response to the motion to dismiss contend that "there was no necessity of more notice than was given in the case." "The certificate of the court shows that the case-made was submitted to him by the parties." "This is in effect a finding that all parties were present." "If counsel want to be technical. there is a sufficient showing that he was present." "It will not be contended that if counsel for defendant in error was actually present, any notice to him was necessary." "The facts are, though, that he was not present." These statements by plaintiff in error confirm the record and bear out the contention of the defendants in error to the effect that the case-made was settled in their absence and without notice and without stipulation and waiver and consent to settlement.

This court has repeatedly held:

"A case-made signed and settled without notice of time and place of settlement and such notice is not waived, and there is no appearance of the opposite parties, either in person or by counsel, is a nullity and brings nothing before this court for review."

It has further held:

"The certificate of the trial judge to a case-made is only prima facie evidence of the facts recited therein, and where the record on its face shows the recital in such certificate to be erroneous, the facts shown by the record will control." Hall v. Jones, 145 Okla. 280, 292 P. 569; Cherry v. Chesnut, 145 Okla. 154. 292 P. 66; Liberty Life Insurance Co. v. Green, 133 Okla. 58, 270 P. 1111.

In Town v. Crawford, 106 Okla. 254, 234 P. 208, the second paragraph of the syllabus reads:

"Where the record shows that no stipulation was ever filed agreeing to the case-made and waiving amendments and time for settling case-made and the court attempts to settle it without notice of waiver, such action of the court is without authority of law, and its certificate to that effect is subject to impeachment by the record and by extraneous evidence."

It is evident that the case-made was settled and signed without notice of the time and place of settlement being given to the opposite parties, and in their absence, without waiver of appearance and consent of the opposite parties, and that the case-made is, therefore, under the uniform holdings of this court, a nullity and brings nothing before this court for review. Under this state of the record, we find it unnecessary to review and pass upon the other grounds set forth in the motion to dismiss, which would only add to the cost of printing this opinion.

For the reasons stated, the case-made is a nullity. It is not certified as a transcript of the record, and this court is therefore without jurisdiction to review the errors complained of.

The appeal is dismissed.