## McCANN v. McCANN.

No. 14064—Opinion Filed Dec. 18, 1923.

(Syllabus.)

Appeal and Error—Invalidity of Case-Made —Lack of Notice of Settlement.

Where the case-made was served upon counsel for the defendant in error, but the time for suggesting amendments was not waived and no notice was served upon counsel for the defendant in error, or the defendant in error, of the time and place of settlement of case-made, and there is no stipulation signed by the parties or their attorneys that the purported case-made contained a true and correct copy of all the proceedings therein, the case-made is a nullity, and on motion of defendant in error the same should be dismissed.

Error from District Court, Haskell County; E. F. Lester, Judge.

Action between Alexander McCann and Reva McCann. From the judgment, the former brings error. Dismissed.

S. A. Merriman and Fred H. Fannin, for plaintiff in error.

C. C. Williams, for defendant in error.

BRANSON, J. This is an appeal from the district court of Haskell county, Okla. It is now before the court on the motion of the defendant in error, Reva McCann, to dismiss the appeal for the reason that the case-made filed in this case was not settled by the trial judge as provided by law, in this, to wit: That no notice, as provided by order of court, of the time of settlement of said case-made was served by the plaintiff in error upon the defendant in error or his counsel, and no stipulation was signed by the parties, or their attorneys, that the same was a true, correct, and complete copy of all the proceedings in said case, all evidence taken, and all orders and rulings made, etc.; and for the further reason that said case-made was never filed in the district court of Haskell county, and the original withdrawn and filed in the Supreme Court as provided by law.

We have examined the case-made attached to the petition in error herein, in connection with the motion to dismiss and the response thereto, and find that the purported case-made was served on the attorney for the defendant in error on the 24th day of August, 1922. The case-made fails to disclose that any notice of settlement thereof was ever served upon the defendant in error or her counsel; it fails to disclose that the parties, or their attorneys, stipulated that the said alleged case-made was a true and complete record of all the proceedings in the cause; neither does it disclose that the defendant in error, or her counsel for her, waived the right to suggest amendments to the case-made. It also fails to appear from the case-made that the same was ever filed in the district court of Haskell county, Okla. The failure of these matters to appear affirmatively from the record, the motion draws in question the provisions of sections 5240, 5242, and 5244, Revised Laws of 1910, relative to the notice of settlement, the suggesting of amendments to case-made, and the filing of the same in the office of the clerk of the district court where the cause was tried; the right to suggest amendments to the case-made, the time of settlement thereof not being waived and no stipulations appearing that the purported case-made was true and correct. We think the appeal should be dismissed.

If in fact the case-made was duly filed with the clerk, but by inadvertence the filing mark was not placed on the same, that might be subject to amendment, but until the amendment is made, the appeal is subject to dismissal on account thereof.

The motion to dismiss appeal herein is sustained.

All the Justices concur.