## ANDREWS v. GANT et al.

No. 12972—Opinion Filed Sept. 16, 1924.

**Appeal and Error—Invalidity of Case-Made —Lack of Notice of Settlement.**

Where the case-made was served upon counsel for the defendants in error, but the time for suggesting amendments was not waived, and no sufficient notice was served upon counsel for the defendants in error, or the defendants in error, of the time and place of settlement of case-made, and the case-made signed and settled after the expiration of verbal notice thereof so to do, and there is no stipulation signed by the parties or their attorneys that the purported case-made contained a true and correct copy of all the proceedings therein the case-made is a nullity and on such showing by defendants in error the appeal should be dismissed.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by T. H. Andrews against W. H. Gant and others for dissolution of partnership and for an accounting. Judgment for defendants and plaintiff appeals. Appeal dismissed.

A. M. Stewart and W. M. Williams, for plaintiff in error.

Sandlin & Winans and Womack, Brown & Curd, for defendants in error.

Opinion by JARMAN, C. This is an appeal from the district court of Stephens county, Okla. It is now before the court on the motion of defendants in error to dismiss the appeal for the reason that sufficient notice was not given defendants in error of the time and place for signing and settling the case-made, and that said purported case-made was signed and settled after the expiration of the time mentioned in the verbal notice of such signing and settling, and not in the presence of a representative of defendants in error.

We have examined the case-made attached to the petition in error herein, in connection with these objections to the case-made, and find it does not contain a stipulation signed by the parties, or their counsel, that it is a true, correct, and complete copy of all of the proceedings in said case; we find that it does not contain a written notice to the defendants in error, or their attorneys, of the time and place of signing and settling of said case-made, which was necessary to constitute a valid notice (Brown v. Marks, 45 Okla. 711, 141 Pac. 707); it does not contain any waiver by defendants to suggest amendments to the case-made, and also find that said purported case-made was signed by the trial judge on the 14th day of January, 1922 —one day after the expiration of the verbal notice so to do, and does not show that defendants in error were represented at such signing.

Under this state of the record, this court has no jurisdiction to review the errors assigned in this cause (McCann v. McCann. 96 Okla. 250, 221 Pac. 499), and the appeal is therefore dismissed.

By the Court: It is so ordered.