## McKEEHEN et al. v. JAMES.

No. 21165.  Opinion Filed July 1, 1930.

'Geo. N. Otey and W. S. Smith, for plaintiffs in error.

Twyford & Smith and Leo G. Mann, for defendant in error.

PER CURIAM.  This action was begun in the district court of Oklahoma county by Alvin Lee Miller James, as sole and only heir of E. Florence James, deceased, to quiet title to real estate located in Oklahoma county.  Plaintiff in his petition alleges that he is the sole and only heir of E. Florence James, deceased, and that he is the owner in fee simple and has legal title to and is in legal, complete, and undisturbed possession of real estate described in his petition and that the defendants and each of them claim some right, title, interest, and estate in said real estate, the nature of which claim is to the plaintiff unknown, but states that such claim is without merit and unfounded, junior and inferior to plaintiff's title, and prays that the cloud on his title be removed and that his title and possession be confirmed and quieted in him.  The defendants appearing filed general and special demurrers to the action, and which demurrers were by the court overruled on the 29th day of July, 1929.  The cause proceeded to trial upon the issues joined by the petition and answer of the defendants filed, and judgment was rendered on September 3, 1929, for the plaintiff as to certain parcels of land involved in the action and for the defendant Lillian McKeehan as to other parcels and quieting title thereto in the respective parties.

The cause is now before the court on motion of plaintiff to affirm the judgment upon the grounds the record presented as a case-made is a nullity and brings nothing before the court for review and that the only assignments of error that may be reviewed upon transcript are without merit.

The contention that the case-made is a nullity is based upon the condition of the record showing the order of the trial court requiring three days' notice of the time and place of settlement of the case-made.  Notice was served on February 26, 1930, that

the case-made would be presented to the trial judge at his chambers in Oklahoma City on the 5th day of March, 1930, at 9 o'clock a. m., or as soon thereafter as counsel could be heard. The case-made was settled and signed on the 8th day of March, 1930, in the absence of and without further notice to the plaintiff and without any waiver of further notice upon the part of the plaintiff.

When the case-made was not presented to the trial judge for settlement at the time and place fixed in the notice served on July 26, 1930, such notice became functus officio, and before such case-made could be legally settled another notice of the time and place thereof must be served. Russell v. Hyer, 136 Okla. 75, 275 Pac. 653, and cases therein cited.

The case-made settled by the trial judge in the absence of the plaintiff on March 8, 1930, without further notice having been given and without waiver of such notice by plaintiff in error, is a nullity and brings nothing before this court for review. Russell v. Hyer, supra, and cases therein cited.

There are twelve assignments of error in the petition in error, ten of which can only be reviewed upon case-made and are not before the court for review for the reason the case-made is a nullity. Bland v. Morse, 141 Okla. 30, 283 Pac. 1002. The record is certified by the clerk as a transcript, and the first assignment of error, that the court erred in overruling defendants' demurrers, and the third assignment of error, that the court erred in assuming and retaining jurisdiction of this cause, are such as may be reviewed upon transcript when properly and timely presented. The order overruling the defendants' demurrers to plaintiff's petition was made July 20, 1929; the appeal was filed in this court March 12, 1930. The appeal therefrom by transcript not having been perfected within six months from the date of the order sought to be reviewed in the assignment of error No. 1, this court is without jurisdiction to review the same. Brigham v. Davis, 126 Okla. 90, 258 Pac. 740, and cases therein cited.

This disposes of all the assignments of error which may be presented to this court by a transcript, except the third assignment of error, that the court erred in assuming and retaining jurisdiction of this cause. This assignment is presented by the judgment roll.

The plaintiff in error has not favored the court with a response to the motion to affirm the judgment or in any way pointed out wherein the court erred in assuming and retaining jurisdiction over this cause as set forth in the third assignment of error.

We have examined the judgment roll in this case, and find the rule announced in Zwirtz v. Dorl, 123 Okla. 284, 253 Pac. 75, is controlling on the question raised by the third assignment of error. In that case the court announced the following rule:

"The district court is a court of general jurisdiction, clothed with power and jurisdiction to determine title to real property; and as such has power and jurisdiction to determine every question necessary to be determined to finally adjudicate in whom title vests, including the question of whether or not a claimant is an heir of a deceased person or whether such deceased person died intestate."

It appears, therefore, that the only question that may be reviewed under the record presented to this court has heretofore been fully determined, and there is no merit in this appeal. The judgment of the trial court is affirmed.