## AMERICAN LAUNDRY CO. v. COPELAND.

No. 22769. Opinion Filed Feb. 2, 1932.

W. L. Chapman, for plaintiff in error.

Goode, Dierker & Goode, for defendant in error.

PER CURIAM. Defendant in error filed motion to dismiss this appeal on the grounds that the case-made was not settled, signed, and certified as provided by law, so as to confer jurisdiction upon this court; that said case-made was settled and signed without notice to the defendant in error of the time and place of such settling and signing and without the appearance of the defendant in error, or his attorney of record, and without such notice being waived. To this motion no response has been filed.

On June 22, 1931, the defendant in error was served with notice that the case-made would be presented to the trial judge for settlement and signature on the 27th day of June, 1931, at 9 o'clock a. m., "or as soon thereafter on said day as counsel can be heard." No further notice of settlement was served on the defendant in error. No stipulation as to the correctness of the case-made and waiving the rights to suggest amendments, and waiver of notice of settlement, was signed by the defendant in error, or by the attorneys for the defendant in error. It is shown that the case-made was signed and settled on the 30th day of June, 1931, in the absence of the defendant in error and his attorneys, and although the certificate of the trial judge recites that the attorneys for the defendants have stipulated that the same is true and correct and that the same may be settled and signed without notice, such recital is contrary to the record that the defendant in error was present,

The rule is well settled that where it does not appear from the record or otherwise and refuted by the record.

either in person or by counsel, at the time of settlement, or that notice of the time thereof was served or waived, or that amendments were suggested, a case-made so settled and signed is a nullity. Edgerly v. Johnson, 80 Okla. 19, 193 P. 872; Wood v. King, 49 Okla. 98, 151 P. 685; Rogers v. Holcomb, 144 Okla. 16, 289 P. 349; McKeehen v. James, 144 Okla. 101, 289 P. 732.

The record discloses that the case-made is not certified to by the clerk of the trial court as a transcript. Furthermore, the judgment appealed from was rendered on February 24, 1931, and the appeal was not filed in this court until August 26, 1931, more than six months after the rendition of the judgment.

For the reasons stated, and upon the authorities above cited, the motion to dismiss the appeal is sustained, and the appeal dismissed.

Note.—See under (1), annotation in 30 A. L. R. 700, 721.