### JONES et al. v. DEAN et al.

No. 22646. Opinion Filed Feb. 2, 1932.

Leo G. Mann and Snyder, Owen & Lybrand, for plaintiffs in error.

Suits & Disney, for defendants in error.

KORNEGAY, J. This is a proceeding in error to review a judgment of the district court of Oklahoma county, Honorable D. C. McCurtain being the trial judge. Three suits, Nos. 63207, 64047, and 66354, were filed, the first being filed May 15, 1930. In that suit, lots 1, 2, 3, 5, and 6 in Walnut Grove addition to Oklahoma City were involved, and plaintiffs were William B. Dean, Jr., Richard W. Dean, Thomas G. Dean, J. G. Dean, and William B. Dean, Sr., by guardian, Grant Dean, and defendants were W. P. Westfall and E. Hammond Jones. Plaintiffs claimed to be the sole heirs of Winnifred M. Dean, who died intestate March 4, 1929. They traced her title to the United States, relying on a deed to her filed February 8, 1910, and recorded in the county clerk's office. Possession of the lots was asked for, and the cancellation of a tax deed, executed by the treasurer of Oklahoma county to W. P. Westfall on October 17, 1929, conveying lots 5 and 6.

Attack was made on a similar deed dated March 6, 1930, conveying the same lots to W. P. Westfall, copies being attached to petition. Attack was also made on a tax deed issued to E. Hammond Jones March 20, 1930, conveying lots 1, 2, and 3 in the same block. The deed was alleged to have been recorded March 21, 1930, but copy does not appear to have been set out. Allegations were made as to claims being exerted by both defendants to the property involved, and there was a prayer for cancellation of the deeds to both defendants. Allegation was made as to the mental incompetency of one of the plaintiffs who owned one-third interest, and there is a statement applicable to all the lots in the pleading, as follows:

"4. Plaintiff further states that the said William B. Dean, Sr., was the husband of Winnifred M. Dean and inherited one-third (⅓) of said property herein mentioned, said Winnifred M. Dean died intestate and that as to one-third of said property he has the absolute right to redeem the same under section 9747 of the Compiled Oklahoma Statutes of 1921, and the said William B. Dean, Jr., guardian of said William B. Dean, Sr., hereby offers and tenders into court all sums necessary to redeem the interest of said William B. Dean, Sr., from said sale and tax deeds of the said W. P. Westfall, and agrees to pay any and all amounts which the court may find due the said W. P. Westfall in order to redeem said property."

Similar allegation was made with reference to the Jones' deed.

On August 8, 1930, defendant Westfall filed an answer setting up the pendency of a subsequent suit seeking the same relief and for a dismissal, but admitting an interest in lots 5 and 6, and denying everything not specially admitted. A demurrer was filed on August 14, 1930, by E. Hammond Jones, alleging that the facts were not sufficient to constitute a cause of action, leave being given to file out of time. September 11, 1930, reply was filed consisting of a general denial. November 5, 1930, E. Hammond Jones filed an answer admitting that he claimed under a tax deed lots 1, 2, and 3, disclaiming as to the other lots, and asking for consolidation with No. 64047, and

alleging that the facts stated did not constitute a cause of action. On November 13th, reply was made in the form of a general denial. Petition in No. 64047 was filed July 9, 1930, with the same parties plaintiff excepting J. G. Dean, and W. P. Westfall was sole defendant. Attorneys were different for plaintiff.

Demurrer was filed August 5, 1930, by E. Hammond Jones, for insufficiency of facts to constitute a cause of action, no legal capacity to sue and another action pending. August 23, 1930, Westfall filed a demurrer for misjoinder of causes of action, and lack of facts to constitute a cause of action. An amended petition was filed on August 28, 1930, leaving off the husband and making Hammond Jones and Westfall parties defendant. On September 2, 1930, motion asking that plaintiffs be required to make petition more definite by attaching decree of heirship, and stating when and where the deceased ancestor died. On September 23, 1930, E. Hammond Jones disclaimed as to lots 5 and 6, admitting a claim to 1, 2, and 3, and sets up the pendency of No. 63207, and asks that counsel in the present case be required to interplead in the first case. It also claimed insufficient facts to constitute a cause of action.

On September 30, 1930, W. P. Westfall filed an answer disclaiming as to lots 1, 2, and 3, and asserting ownership as to lots 5 and 6, and a general denial as to other matters, and denying all interest of plaintiffs, and asking to quiet title in the answering defendant. Reply was made saying the plaintiffs were not parties to the first suit, the reply being signed by attorneys different from the one who brought the first suit. October 25, 1930, order was made permitting William B. Dean, Sr., to intervene by guardian, Laurie Jenkins, followed by intervention attacking all the tax deeds, and asking for $5,000 damages for clouding title. Service of copy was acknowledged by defendants November 1, 1930. Answer was filed November 5th, consisting of general denial, claiming title in lots 1, 2, and 3, disclaiming as to lots 5 and 6, saying facts not sufficient, and setting up pendency of No. 63207, and asking consolidation. Reply was filed by attorneys Suits & Disney for plaintiffs, saying that no case had been filed by them.

On December 2, 1930, application saying objection to misjoinder had been overruled, but asking that they be permitted to file separate petition against W. P. Westfall, was presented. Order was made December 2, 1930, so permitting. This was followed on January 27, 1931, by motion by E. Hammond Jones to make additional party defendant,

Vera Louise Holjes, and consolidate all the cases. The consolidation was had.

No request for special findings being made, the court rendered judgment for plaintiffs for possession and clearing title, holding tax deeds void. Plaintiffs in error have filed a brief. Defendants in error have filed an answer brief, and plaintiffs in error a reply brief. The procedure leading to the making of the deeds introduced in evidence clearly shows such defects as to notices and as to the method of procedure to make the sales void and also the tax deeds. The briefs do not seriously contest that, under the decisions of this court, the deeds are void. The authorities on this proposition cited so show. Serious contention is made, however, that the court erred in rejecting proof of an outstanding mortgage, executed by one of plaintiffs and the deceased ancestor under whom plaintiffs claim. That, however, would not affect the result, even though the mortgage was in force. It appeared to have been overdue 15 years. It would, of course, put all parties concerned in getting the tax deed on inquiry as to the owner.

Complaint is made of refusal to allow in evidence a lease contract made by one of the tax title holders to Phillips Petroleum Company, the position being taken that it showed possession. An inspection of the document shows that practically the whole block, in which the separate lots were embraced, was included in the oil lease. This probably gives rise to the joinder in one suit of the two individuals holding the tax titles. Contention is made as to the procedure, and the effect of the tax deeds as presumptive evidence, under the statutes on the subject of tax deeds, and procedure to set aside tax deeds, as embraced in sections 9749 to 9756, C. O. S. 1921.

Both sides have cited numerous cases. An inspection of them shows that under them the tax deeds are void. There are a great many cases that hold that in case of a void tax deed, taxes actually paid by the deed holder need not be repaid by the person seeking to cancel. Among other cases, see Perry v. Snyder, 75 Okla. 24, 181 P. 147, decided in 1919. The premises there were sold September 6, 1910, and deed made July 23, 1914. The law at that time was practically the same as now. The case of Sarkeys v. Lee, 149 Okla. 287, 300 P. 383, is cited to establish the duty of the defendants in error to tender the amount of taxes and costs, and that the case should be reversed on that account. An inspection shows that the lower court in that case did have a partial accounting. Under former decisions this probably could not have been required if resisted. That is not this case.

Here, offer was made by one of the plaintiffs, not only to pay his father's part, but to pay everything the court might find necessary in order to redeem the property. However, plaintiffs in error overlooked that matter. The taxes paid were practically nothing as compared with the prospect of holding the property. The plaintiffs in error, in view of the disparity in stakes, lost interest in the tax tender offer until appeal to another court was sought. Had the plaintiffs in error in the lower court insisted on the taxes being paid, the chances are they would have been repaid, and the land would have thereby been redeemed and the matter would not have been brought here. This the plaintiffs in error did not accede to. They took chances of obtaining the larger stake. They should not now be heard on that contention.

We do not deem it necessary to consider questions as to which attorneys were the true representatives of the litigants. The rights of all of them were protected by lien claim statements. The lower court did not err in allowing the attorneys to continue on the representations made.

Finding no reversible error, the cause is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur.