**WHITNEY et al. v. HARRIS.**

No. 22696. Opinion Filed March 8, 1932.

Rehearing Denied May 17, 1932.

W. C. Wood, for plaintiffs in error.

Everest, McKenzie, Halley & Gibbens and Barritt Galloway, for defendant in error.

PER CURIAM. This is an attempt to appeal from a judgment rendered in the district court of Oklahoma county, on January 9, 1931, in favor of V. V. Harris, defendant in error, plaintiff below, and against E. W. Whitney, J. A. Doyle, and W. N. Stokes, defendants below, in an action brought on a promissory note. The plaintiff filed verified petition with copy of the note attached, and defendant E. W. Whitney filed separate verified answer, admitting the execution of the note and that the same remained unpaid, but further answering by way of set-off, alleges that the plaintiff is indebted to him in a sum greater than the amount sued for; that the defendant and the plaintiff were engaged in a partnership business; that the plaintiff holds many thousands of dollars belonging to the said partnership which he refused to account for to this defendant; and prays that plaintiff's petition be denied and he be required to account and settle. The separate answer of the defendants Stokes and Doyle admits the execution of the note, but alleges that the codefendant Whitney has made certain payments on said note, the exact amount of which is to these defendants unknown. Plaintiff filed verified replies to the separate answers of the defendants, denying all of the affirmative matters set out in the answers. The case-made contains no record of the trial except that shown in the journal entry of judgment, the material part of which is as follows:

"This cause coming on to be heard this 9th day of January, 1931, the same being a regular court day of the January, 1931, term of the district court of Oklahoma county, Okla., and the plaintiff V. V. Harris appearing in person and by his attorneys, Everest, McKenzie, Halley & Gibbens, and the defendants appeared not either in person or by attorney, and the court finds that the defendants E. W. Whitney, J. A. Doyle, and W. N. Stokes have been duly served with summons, and have filed their answer in this cause; and thereupon the plaintiff waived trial by jury, introduced his evidence and rested. Whereupon the court having heard the evidence of the plaintiff, finds that there is due to the plaintiff on the note sued on herein by the defendants W. W. Whitney, J. A. Doyle, and W. N. Stokes, the sum of $5,455, with interest from this date at the rate of eight per cent. per annum, together with the sum of $500, attorneys fee, and the costs of this

action. The court ordered the note sued on surrendered to the clerk for cancellation in judgment, which was accordingly done. * * *"

On January 12, 1931, defendant filed motion for new trial on the ground that the judgment is contrary to law and to the evidence and was rendered in contravention of right of defendant, who had a good and adequate defense, in that the plaintiff was indebted to the defendant E. W. Whitney in a greater sum than the amount sued for, and for which they were entitled to credit on the note. No excuse for failure to appear and present their defense at the time of trial is given or alleged in the motion for new trial.

Defendant in error has filed motion to dismiss the appeal because:

"First, that plaintiff in error did not serve the required notice of the time of the settlement of case-made. Second, the record and petition in error show that the appeal is purely frivolous and for the purpose of delay. Third, that the errors complained of cannot be presented for review by transcript of the record."

Plaintiffs in error have filed no response to the motion. No notice of settlement is incorporated in the case-made; however, there is "notice to settle case-made" attached to the petition in error and filed in this court with the case-made, and showing service acknowledged by attorneys for plaintiff on August 5, 1931, and notifying the plaintiff that the case-made will be presented to the judge for settlement on the 7th day of August, 1931. The last order extended the time to serve case-made to and including May 7, 1931, plaintiff three days thereafter to suggest amendments "and said case-made to be settled and signed by the court on three days' notice thereafter by either party." Case-made was served on the 7th day of May, 1931, and it appears there was nothing more done toward completing the record for appeal until August 5, 1931, when attorney for defendants endeavored to have attorneys for plaintiff sign waiver of amendments and consent to settlement, and upon the refusal to do so served the above notice. The certificate of the trial judge reads as follows:

"I, the undersigned judge of the district court of Oklahoma county, Okla., and the trial judge of said above-entitled cause, do hereby certify that the foregoing was presented to me as a case-made in the action above entitled, and due and legal service of this case-made having been made upon the attorneys of record for the above-styled plaintiff, I now sign and settle the

same as a full, true, correct, and complete case-made, and direct that it be attested and filed by the court clerk according to law. Witness my hand this 7th day of August, 1931, George W. Clark, District Judge."

The case-made was signed and settled before the expiration of the three days subsequent to the notice served, and in the absence of and without consent of the defendant in error. In Morris v. West Publishing Co., 118 Okla. 237, 247 P. 52, this court held:

"Where the appellant presents a case-made to the trial judge, and has the same settled and signed without giving the required notice, in the absence of an appearance or waiver on the part of the appellee, such case-made so settled cannot be considered in this court, and the appeal will be dismissed."

In Walker v. Love, 62 Okla. 28, 161 P. 787, where the record was similar to that in the instant case, this court used the following language:

"The evidence is not incorporated in the record, and therefore we are unable to determine whether or not there was any evidence to sustain the judgment further than to say that the unverified general denial left standing the allegation of the execution of the note and mortgage. Whether or not anything was due thereon was a matter of proof, and in the absence of the evidence we must assume that there was sufficient proof to justify the trial court in finding the amount which it did."

The judgment was rendered on the 9th day of January, 1931, no exceptions and notice of appeal given at said time, and the appeal was filed in this court August 7, 1931, more than six months after the rendition of judgment, and the errors complained of cannot be reviewed on transcript.

The motion to dismiss the appeal is well taken, and the appeal is dismissed.