## HOME INSURANCE CO. OF NEW YORK v. ROWSEY et al.

No. 25484.    April 9, 1935.

Frank E. Lee, for plaintiff in error.

Norman Barker, for defendants in error.

PER CURIAM. Defendants in error filed a motion to dismiss this appeal on several grounds, among which they assigned the reason for dismissal that the notice to settle and sign the case-made designated March 25, 1934, as the date on which it was to be presented to the trial judge for settlement, and that without serving a new notice to the defendants in error of the time and place of such settling and signing, and without the appearance of the defendants in error, or their attorney of record, or a waiver of such notice by them, the case-made was settled and signed on March 26, 1934, after the notice had become functus officio, and that therefore the trial court had lost jurisdiction to settle and sign the case-made under said notice. They also include this motion and their contentions pertaining thereto in their brief in this appeal.

For convenience the parties will be referred to as they appeared in the court below. On March 20, 1934, the plaintiffs were served by the defendant with notice that the case-made would be presented to the judge of the court of common pleas of Tulsa county, Okla., the court in which said cause was tried, at his chambers in the city of Tulsa, Okla., for settlement on the 25th day of March, 1934, at nine o'clock a. m., "or as soon thereafter on said day as counsel can be heard." No stipulation as to the correctness of the case-made, nor any waiver of the right to suggest amendments thereto, nor waiver of notice of settlement was signed by the plaintiffs or their attorneys. While the certificate of the trial judge settling the case-made recites that the attorneys for the plaintiff and the defendants had certified that the same was true and correct, this statement is contrary to the record and is negatived by the same. No further notice of settlement was served on the plaintiffs. Yet the case-made was signed and settled by the judge of said court on the 26th day of March, 1934, in the absence of the plaintiffs and their attorney, which was the day following the one designated in said notice.

When the case-made was not presented to the trial judge for settlement at the time and place fixed in the notice that was served on the plaintiffs, such notice became functus officio, and for that reason it became necessary for another notice of the time and place of settlement to be served before such case-made could be legally settled. Therefore, the case-made settled on March 26, 1934, in the absence of the plaintiffs, or their attorney, and without further notice having been duly served, and without a waiver of such notice by the plaintiffs, is

a nullity and brings nothing before this court for review. Russell v. Hyer, 136 Okla. 75, 275 P. 653, and cases therein cited; McKeehen et al. v. James, 144 Okla. 101, 289 P. 732; Jones et al. v. Dean et al., 155 Okla. 23, 7 P. (2d) 845.

The petition in error contains 15 assignments of error, 14 of which can only be reviewed upon case-made, and, since the case-made herein is a nullity for the foregoing reasons, such assignments of error are not before this court for review. Bland v. Morse, 141 Okla. 30, 283 P. 1002; McKeehen et al. v. James, supra. The court clerk's certificate is adequate to certify the record as a transcript, so that the first assignment of error, to wit, that the court erred in overruling defendant's demurrer to the plaintiffs' petition, could be reviewed upon transcript, if the same had been duly and regularly presented within the proper time. However, the order overruling the defendant's demurrer was made and entered on January 7, 1933, while the appeal was filed in this court on April 16, 1934. Therefore, the appeal by transcript was not perfected within six months from the date of the order sought to be reviewed, and this court is without jurisdiction to review the same. Richardson v. Beidleman et al., 33 Okla. 463, 126 P. 818; Brigham v. Davis, 126 Okla. 90, 285 P. 740; McKeehen et al. v. James, supra.

For the reasons stated, and upon the authorities above cited, the motion to dismiss the appeal is sustained, and the appeal is hereby dismissed.

The Supreme Court acknowledges the aid of Attorneys G. E. McKinnis, Jr., Fred H. Reily, and Ray Evans in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. McKinnis and approved by Mr. Reily and Mr. Evans, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.