JAMISON, Adm'r, v. BURNETT-HAUERT LUMBER CO.

No. 28558. Feb. 14, 1939.

W. P. Morrison, John Morrison, and Claud Briggs, for plaintiff in error.

Rittenhouse, Webster & Rittenhouse, for defendant in error.

HURST, J. This matter is before us on motion of defendant in error to dismiss the appeal of plaintiff in error on the ground that the case-made was signed and settled by the trial court without notice to defendant in error of the time and place of settlement and without the appearance or waiver of such notice by defendant in error.

The appeal is by petition in error with case-made attached. The certificate of the trial judge to the case-made recites that the parties had waived the suggestion of amendments and waived notice of the time and place of settling. However, it does not disclose the names of any parties appearing, and the certificate is blank as to appearances. Although the record contains a form for waiver of suggestion of amendments and notice, it appears that same was not signed by either party. In plaintiff in error's response to the motion to dismiss the appeal, he admits that no written waiver was executed and that defendant in error had no notice of the settlement of the case-made, and "apparently neither of the parties were present."

It is well established that a case-made signed and settled without notice of the time and place of settlement, and without a waiver thereof and without appearance by the opposite party, is a nullity, and that although the certificate of the trial judge recites a waiver, such certificate is only prima facie evidence of the fact recited, and where the record on its face shows the recital in the certificate to be erroneous, the record will prevail. McCann v. McCann (1923) 96 Okla. 250, 221 P. 499; Board of Com'rs of Le Flore County v. Lucas (1930) 146 Okla. 8, 293 P. 187; McKeehen v. James (1930) 144 Okla. 101, 289 P. 732; Whitney v. Harris (1932) 157 Okla. 187, 11 P.2d 151; Kershaw v. City of Muskogee (1932) 158 Okla. 205, 13 P.2d 171. In view of the record and the admission of plaintiff in error, the certificate is not controlling here, and we conclude the fact to be that no waiver or appearance was made by defendant in error.

The only contention made by plaintiff in error is that defendant in error has not been prejudiced by the failure to give the notice, and that therefore the appeal should not be dismissed. He relies on cases holding that in the absence of a showing that substantial rights have been prejudiced, an appeal will not be dismissed because a case-made is prematurely settled. But in the cases cited, notice was in fact given, and under a liberal construction of our statutes the premature settlement was held to be merely an irregularity and did not render the case-made void, and therefore in the absence of prejudice to a substantial right, the appeal need not be dismissed. However, under the authorities above cited, the failure to give the notice is jurisdictional, the case-made is a nullity, and this court is without jurisdiction to entertain the appeal, other than by transcript. Therefore the question of prejudice to the complaining party is immaterial. No bill of exceptions is presented, and the matters

complained of by plaintiff in error cannot be reviewed by transcript.

Appeal dismissed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, GIBSON, and DAVISON, JJ., concur. CORN and DANNER, JJ., absent.