Jessie Ann CARLTON, Plaintiff in Error,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Allstate Insurance Company, Defendant in Error.

No. 37241.

Supreme Court of Oklahoma.

April 2, 1957.

Julian B. Fite, Muskogee, for plaintiff in error.

Rucker, Tabor & Cox, Jack M. Thomas, Tulsa, for defendant in error, State Farm Mutual Automobile Insurance Co.

C. A. Ambrister, Muskogee, for defendant in error, Allstate Insurance Co.

JACKSON, Justice.

Jessie Ann Carlton, plaintiff in the trial court and appellant herein, obtained a money judgment against Walter Bryson arising out of an automobile accident. Thereafter she instituted garnishment proceedings against State Farm Mutual Insurance Company and Allstate Insurance Company, garnishee defendants, alleging that they were indebted to Walter Bryson. The trial court held in favor of the insurance companies on the ground that the coverage of the two insurance policies did not extend to Walter Bryson.

The facts are that Walter Bryson is a young man living with his father and mother, Mr. and Mrs. Neal Bryson. On October 14, 1953, Neal Bryson instructed his son, Walter, to repair the radiator of the family car, a 1937 model Chevrolet, insured by Allstate Insurance Company. The son, Walter, discovered that the leak in

the radiator resulted from a defective water hose. He obtained money from his mother, Mrs. Bryson, to buy the hose and asked his sister, Mrs. Robert Wright who was visiting in the Bryson home, to drive him to town in her husband's Ford car which was insured by State Farm Mutual Insurance Company. Mrs. Wright refused to drive Walter to town but gave him the keys to her husband's car.

Walter Bryson was not a member of the Wright household and had never previously driven the Ford car owned by Robert Wright. Robert had not authorized Mrs. Wright to let Walter drive the car and in fact had instructed Mrs. Wright not to let anyone drive the car. Robert Wright was not present when the keys were delivered to Walter Bryson. Mrs. Wright had never previously permitted anyone to drive the car. While on this trip for the radiator hose the Wright car collided with an automobile driven by Mrs. Carlton resulting in the judgment against Walter Bryson, as above mentioned.

■ We are of the view that the trial court properly held under the facts here disclosed, when applied to the terms of the policy of insurance on Wright's Ford automobile, that State Farm Mutual Automobile Insurance Company is not liable to respond as a garnishee. The policy of insurance issued by State Farm Mutual Automobile Insurance Company provides as follows:

> "III. *Definition of Insured.* With respect to the insurance for bodily injury liability, for property damage liability and for medical payments the unqualified word 'insured' includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured *or with his permission.* The insurance with respect to any person or organization other than the named insured does not apply. * * *." (Emphasis supplied.)

The facts as applied to the Wright car and its insurer, State Farm Mutual Automobile Insurance Company, shows that (a) Walter Bryson was not a member of the Wright household; (b) Robert Wright is the only named insured in the policy; (c) his wife was his only permittee to use the insured automobile; (d) prior to the day of the accident Mrs. Wright had not permitted anyone else to drive the car; (e) the insured (Wright) had instructed his wife not to let anyone drive the automobile; (f) the insured had never permitted Walter Bryson to drive the car; and (g) that the insured did not know that his wife authorized Walter Bryson to use the car.

Plaintiff's counsel candidly admits that cases cited in plaintiff's brief are based upon findings by a jury or trial court where the evidence established either permissive use of the car by the insured, or under such circumstances that the additional use by the permittee was with the insured's implied or tacit consent. As illustrative of the principles stated see the following cases: State Farm Mut. Auto. Ins. Co. v. Porter, 9 Cir., 186 F.2d 834 and Pennsylvania Thresherman & Farmers' Mut. Cas. Ins. Co. v. Crapet, 5 Cir., 199 F.2d 850.

In each of these cases the question posed was whether, under controverted evidence, the ultimate facts established were deemed sufficient for the basis of the judgment. In each case a husband had permitted his wife to use the car insured in his name. In each case the wife permitted a third person to use the car which was involved in an accident, and the judgment rendered against the insurance carrier was upon the appeal, affirmed, upon findings that the wife's use of the car was not accompanied with any instructions, express or implied, limiting its use by a third person. The cases go no further than restating the rule that in a law case where controverted issues of fact are submitted to the jury, or to the trial court without the intervention of a jury, that such findings are conclusive when supported by the evidence.

Likewise the case of United Services Automobile Ass'n v. Preferred Accident

Ins. Co. of New York, 10 Cir., 190 F.2d 404, establishes the principle that each case must stand or fall upon the peculiar facts of the case. The court stated in the last cited case that the insured's permission may be established by the course of conduct pursued with knowledge of facts for such time and in such manner as to signify clearly and convincingly an understanding consent which amounts in law to grant of privilege involved. Measured by these principles, we find no difficulty in affirming the trial court's judgment denying plaintiff's recovery against the State Farm Mutual Automobile Insurance Company.

Allstate Insurance Company has filed in this court its motion to dismiss the appeal. Its first ground for dismissal is that the plaintiff in error (Plaintiff below, Mrs. Carlton) has combined two unrelated cases in one appeal and that the appeal is duplicitous.

■ The appeal is duplicitous. However, their combination in one petition in error, and in their briefs, has caused no confusion and we see no reason why we should necessarily dismiss for duplicity. Bradshaw v. Sexton, 172 Okl. 204, 44 P.2d 80; Berryman v. Bonaparte, 155 Okl. 165, 11 P.2d 164.

We think Allstate's second ground for dismissal is serious. It goes to the proposition that plaintiff in error did not give Allstate proper notice of the time and place for settlement of her case-made, and that Allstate did not waive such notice. The affidavit of counsel for Allstate seeks to impeach and contradict the certificate of the trial judge as shown in the record in so far as it applies to Allstate. The certificate of the trial judge is to the effect that the case-made was presented to him on January 30, 1956, and that he, the trial judge, settled and signed the same as a true and correct case-made. His certificate does not show where he settled and signed the case-made, the hour, or that counsel for Allstate was present. The affidavit of counsel for Allstate in this respect is as follows:

"On January —— a notice was served on this affiant by the attorney for the plaintiff (plaintiff in error) that at 10 o'clock on January 30 at the office of the District Judge he would present the Case-Made to the Trial Court for approval. That this affiant appeared at the time and place as specified for the purpose of protesting the correctness of the record and to the fact that it was only a partial record and that no petition in error had been served upon him up to that time; and waited more than an hour and requested the Court Clerk to note his appearance, and requested that he be notified in case of appearance of the parties. Neither the Trial Court nor the attorney for the plaintiff appeared or were at the Court House. The succeeding day the judge advised affiant that he had been in Tulsa all day on the 30th holding court, that he returned to Muskogee about 5:30 o'clock P.M.; that shortly after his arrival home the attorney for plaintiff called him requesting that he sign and settle the Case-Made, which he did at his home about 7:30 o'clock P.M. that day.

"This affiant had no notice that the proposed Case-Made would be presented to the judge at such time or place, did not waive notice of any kind, and, of course, not having been notified, did not appear at such time and place."

■ The facts as set forth in the foregoing affidavit are not disputed. Nor is it seriously contended that the certificate of the trial may not be impeached by affidavit.

Rule seven of this court, 12 O.S.A. c. 15 Appendix provides:

"All motions * * * shall contain a brief statement of facts * * *, and except in cases where all the facts relied upon are of record in this Court, shall be supported by affidavit."

Affidavits in support of motions to dismiss have been accepted by this court in

Okmulgee County Business Men's Ass'n v. Bryan, 79 Okl. 23, 190 P. 1086; Correll v. Shepherd, 102 Okl. 11, 227 P. 874; and Rutter v. Dunlap, 195 Okl. 88, 155 P.2d 529. In the body of the opinion in the Rutter case it is said:

"The motion to dismiss is sworn to by an affidavit of the movant, and under such circumstances we have held that the certificate of the trial judge is only prima facie evidence of the facts recited therein with respect to the service of notice of settlement of the case. In addition thereto there is no assertion by the plaintiff in error in the response that notice of settlement was given to the parties in the case at bar."

In view of the uncontradicted facts as set forth in the affidavit of counsel for Allstate we must conclude that Allstate had no notice of the time and place of settling and signing the case-made, and did not waive such notice. We next inquire as to the effect of such failure.

■ In McKeehen v. James, 144 Okl. 101, 289 P. 732, this court held:

"Where plaintiff in error has served notice of the time and place the case-made will be presented to the trial judge for settlement, and such case-made is not presented at such time and place, such notice becomes functus officio, and before such case-made can be legally settled and signed another notice of the time and place of settlement and signing must be served upon the opposite party."

In Board of Com'rs of Le Flore County v. Lucas, 146 Okl. 8, 293 P. 187, it is held:

"The case-made settled and signed without notice to the opposing party of the time and place of settling and signing the same and without appearance of such party or parties and without their waiver of such notice is a nullity and brings nothing before this court for review."

The foregoing rules have been consistently followed: Jamison v. Burnett-Hauert Lumber Co., 184 Okl. 361, 87 P.2d 335; Rutter v. Dunlap, 195 Okl. 88, 155 P.2d 529, supra; Scott v. Hansen, Okl., 279 P. 2d 654.

■ It is contended by plaintiff in error that Allstate waived notice by its conduct prior to the time the case-made was prepared. In this connection and prior to ordering the case-made counsel for plaintiff in error wrote counsel for each of the insurance companies suggesting that the case-made contain only the proceedings which involves the garnishments and requested an expression from counsel for each insurance company. Counsel for Allstate made no reply. Counsel for State Farm answered and suggested the case-made should include a stipulation showing that neither State Farm nor Allstate offered any defense to the defendant, Walter Bryson, in the case of Carlton v. Bryson. A copy of the last mentioned letter was mailed to counsel for Allstate. The court reporter's statement of the case shows that neither of the insurance companies defended the action for Walter Bryson.

No cases are cited, and we find none, holding that such silence and conduct on the part of a defendant in error constitutes a stipulation or a waiver of notice of the time and place for signing and settling the case-made. We are of the opinion, and hold, that such silence and conduct on the part of counsel for Allstate does not constitute a stipulation or a waiver of notice.

The judgment of the trial court in favor of State Farm Mutual Automobile Insurance Company is affirmed.

The appeal, insofar as it applied to Allstate Insurance Company, is dismissed.

CORN, V. C. J., and HALLEY, JOHNSON, WILLIAMS, BLACKBIRD and CARLILE, JJ., concur.